IN THE MATTER OF PORTUS

Docket No. 78218. Submitted January 22, 1985, at Lansing.—Decided
May 8, 1985. Leave to appeal applied for.·

Charles F. Portus was charged in Oakland Circuit Court in 1973
with raping and murdering a seven-year-old boy. He was found
not guilty by reason of insanity and placed in custody of the
Center for Forensic Psychiatry. In 1982, Portus filed a petition
for discharge but was denied discharge following a jury trial in
Oakland Circuit Court, Richard D. Kuhn, J. Portus then sought
leave to appeal to the Court of Appeals, which denied leave for
lack of merit in the grounds presented. Portus sought leave to
appeal to the Supreme Court, which, in lieu of granting leave
to appeal, remanded the case to the Court of Appeals for
consideration as on leave granted, 419 Mich 873 (1984). On
appeal Portus alleges that error occurred in the giving of the
jury instructions, in the admission of certain records, and in
the circuit court's following an improper procedure in its
determination to continue Portus's hospitalization. *Held:*

1. Portus's contention that the settled report was irrelevant,
immaterial, and highly prejudicial and inflammatory and that
admission of the record requires reversal is without merit. The
trial judge did not abuse his discretion by allowing the admission of the settled record.

2. The definition of mental illness given in the jury instructions was not erroneous.

3. No error occurred because of the trial court's not allowing
the jury to determine the appropriate treatment and whether
Portus should remain hospitalized.

4. The trial court improperly refused to consider alternatives

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence § 249 *et seq.*
[2] 31 Am Jur 2d, Expert and Opinion Evidence §§ 69-71.
[3] 21 Am Jur 2d, Criminal Law § 83 *et seq.*
[4] 31 Am Jur 2d, Expert and Opinion Evidence § 85 *et seq.*
  Admissibility on issue of sanity of expert opinion based partly on
  medical, psychological, or hospital reports. 55 ALR3d 551.
[5] 76 Am Jur 2d, Trial § 1175 *et seq.*

to hospitalization. The case is remanded to the trial court for a hearing limited to the issue of alternatives to hospitalization.

5. No error occurred because of the trial court's refusal of Portus's request for a special verdict from the jury. Requests for special verdicts are a matter of judicial discretion.

Affirmed in part, reversed in part, and remanded.

1. EVIDENCE — ADMISSION OF EVIDENCE — RELEVANT EVIDENCE.

The burden of controlling the introduction of evidence is upon the trial judge, who must draw upon his own wisdom and experience in making a decision as to relevancy.

2. WITNESSES — EXPERT WITNESSES.

Expert witnesses may not testify as to the meaning of the law or a legal term.

3. CRIMINAL LAW — INSANITY — TREATMENT — JURY.

It is not error for a trial court not to allow a jury to determine the appropriate treatment for a defendant found not guilty by reason of insanity or to determine whether the defendant should remain hospitalized.

4. CRIMINAL LAW — INSANITY — HOSPITALIZATION — EXPERT WITNESSES.

A defendant who has been found not guilty by reason of insanity has a right to have expert witnesses testify as to alternatives to hospitalization and a right to challenge the decision that continued hospitalization was a correct decision (MCL 330.1460, 330.1484; MSA 14.800[460], 14.800[484]).

5. TRIAL — JURY — SPECIAL VERDICTS.

The question of whether or not a special verdict will be permitted is a matter within the discretion of the trial court.

State Appellate Defender (by *P. E. Bennett),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Margaret G. Horenstein,* Assistant Prosecuting Attorney, for respondent.

Before: SHEPHERD, P.J., and D. E. HOLBROOK, JR., and M. F. SAPALA,* JJ.

PER CURIAM. This case arose when Charles F. Portus, petitioner herein, was charged with raping and murdering a seven-year-old boy in 1973. He was found not guilty by reason of insanity in 1974 and has been in custody of the Center for Forensic Psychiatry since that time. In 1982, petitioner filed a petition for discharge, but was denied discharge after a jury trial. In 1983, we denied petitioner leave to appeal for lack of merit in the grounds presented. In lieu of granting leave to appeal, the Supreme Court remanded this cause to us for consideration as on leave granted. 419 Mich 873 (1984).

On appeal petitioner alleges that error occurred in the giving of the jury instructions, in the admission of certain records, and in the court's following an improper procedure in its determination to continue petitioner's hospitalization.

Petitioner contends that the settled report[1] was irrelevant, immaterial, and highly prejudicial and inflammatory and that admission of the record requires reversal. We find this argument to be without merit. MCL 330.1459; MSA 14.800(459) provides in pertinent part that:

"(2) The court shall receive all relevant, competent, and material evidence which may be offered. The rules of evidence in civil actions are applicable, except to the extent that specific exceptions have been provided for in this chapter or elsewhere by statute or court rule."

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

[1] A settled report is a full report of the facts concerning the crime which the patient was found to have committed but of which he was acquitted. MCL 330.2050(1); MSA 14.800(1050)(1).

Under a traditional analysis of relevance, prejudice, and hearsay, the settled record is still admissible. The evidence is relevant as it has a tendency to make the existence of petitioner's dangerousness and mental illness more probable than it would be without the evidence. MRE 401. Nor is the record unfairly prejudicial. MRE 403. While evidence regarding the rape and murder of a seven-year-old boy is prejudicial, it is not unfairly prejudicial. The jury has the right to hear the complete story. We find the record to be admissible under MRE 803(6) and (8) and find petitioner's hearsay objection to be meritless. We do not find that the trial judge abused his discretion in the admission of the settled record.

"The burden of controlling the introduction of evidence falls upon the trial judge, who must draw upon his own wisdom and experience in making a decision as to relevancy. *People v Howard,* 391 Mich 597, 603-605; 218 NW2d 20 (1974). It is not within the role of this Court to second-guess such judgment. *People v Howard, supra,* p 603; *People v Potter,* 115 Mich App 125, 134; 320 NW2d 313 (1982)." *People v Phillips,* 131 Mich App 486, 491-492; 346 NW2d 344 (1984).

Petitioner alleges that the definition of mental illness given to the jury was erroneous. The judge gave the jury the definition as stated in MCL 330.1400a; MSA 14.800(400a). Plaintiff claims that the added element of psychosis as stated by his expert witness should have been added in the instruction. We do not agree. Experts may not testify as to the meaning of the law or a legal term. See also *People v Droussart,* 99 Mich App 66; 297 NW2d 863 (1980), and *People v Matulonis,* 115 Mich App 263; 320 NW2d 238 (1982). Furthermore, mental illness has been defined by the statute as:

"[A] substantial disorder of thought or mood which significantly impairs judgment, behavior, capacity to recognize reality, or ability to cope with the ordinary demands of life." MCL 330.1400a; MSA 14.800(400a).

This Court has determined that this definition is not limited to psychosis. See *People v Doan,* 141 Mich App 209; 366 NW2d 593 (1985).

Petitioner contends that error occurred when the judge did not allow the jury to determine his appropriate treatment and whether he should remain hospitalized. Only the question of whether he was in need of continued treatment went before the jury. MCL 330.1458; MSA 14.800(458). This is a matter of first impression in Michigan, and we decline petitioner's invitation to require that the jury determine his treatment and/or confinement. The circumstances here are analogous to the criminal setting, where the jury determines the guilt and then the trial judge decides the sentence. Additionally, we find no error in the trial court's decision.

Petitioner also contends that the judge improperly refused to consider alternatives to hospitalization. The judge immediately foreclosed an expert witness from testifying on any alternatives to hospitalization. The prevention of that testimony conflicts with MCL 330.1460; MSA 14.800(460), which allows such evidence to be presented. Furthermore, petitioner was not allowed to challenge the decision that continued hospitalization was a correct decision. Petitioner is given such a right and should have been permitted to have a hearing. MCL 330.1484; MSA 14.800(484). As we have already concluded that his treatment is not a matter for the jury, we remand this cause to the trial court for a hearing limited to the issue of alternatives to hospitalization.

Petitioner's final argument is that the court

erred when it refused his request for a special verdict from the jury. We find no error as this is a matter of judicial discretion. *Ketola v Frost,* 375 Mich 266; 134 NW2d 183 (1965), and *State Highway Comm v Abood,* 83 Mich App 612; 269 NW2d 247 (1978).

Affirmed in part, reversed in part, and remanded with instructions. We do not retain jurisdiction.