PEOPLE v CARSON

Docket No. 98502. Submitted April 12, 1988, at Lansing. Decided June 8, 1988.

William C. Carson was acquitted by reason of insanity on charges of first-degree murder and possession of a firearm during the commission of a felony following a bench trial in Oakland Circuit Court, James S. Thorburn, J. The court order committing Carson to the Center for Forensic Psychiatry included a paragraph ordering that defendant not be discharged or granted leave of absence until a petition is filed with the circuit court, with notice to the prosecution, and it is established following a court hearing or trial that defendant is no longer a person requiring treatment. Defendant appealed, contesting that provision of the commitment order.

The Court of Appeals *held:*

The provision at issue is contrary to law. There is no provision in the Mental Health Code which allows a circuit court to hold a hearing or trial to determine whether a defendant may be discharged from a mental health facility. The portion of the order providing that employees of the Center for Forensic Psychiatry are restrained from discharging defendant until a petition is filed and a hearing held in the circuit court is vacated. The balance of the order shall remain in effect.

Reversed in part.

CRIMINAL LAW — INSANITY — COMMITMENT TO MENTAL HEALTH FACILITY — DISCHARGE — CIRCUIT COURT — MENTAL HEALTH CODE.

There is no provision in the Mental Health Code which allows a circuit court to hold a hearing or trial to determine whether a defendant may be discharged from a mental health facility; therefore, a circuit court's provision, in an order committing a

REFERENCES

Am Jur 2d, Criminal Law §§ 46 *et seq.,* 83 *et seq.*

Validity of conditions imposed when releasing person committed to institution as consequence of acquittal of crime on ground of insanity. 2 ALR4th 934.

Release of one committed to institution as consequence of acquittal of crime on ground of insanity. 95 ALR2d 54.

defendant to a mental health facility after the defendant has been found not guilty of crimes by reason of insanity, that employees of the mental health facility be restrained from discharging the defendant without there first having been filed with the circuit court a petition, the prosecution having been notified of the filing of the petition, and a hearing or trial having been held wherein it is determined that the defendant is no longer a person requiring treatment, is contrary to law (MCL 330.1476; MSA 14.800[476]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Cyril C. Hall,* for defendant on appeal.

Before: BEASLEY, P.J., and H. HOOD and R. L. TAHVONEN,* JJ.

PER CURIAM. Following a bench trial, defendant was acquitted of first-degree murder, MCL 750.316; MSA 28.548, and possession of a firearm in the commission of a felony, MCL 750.227b; MSA 28.424(2), on the ground that he was insane when the offenses were committed. Defendant appeals as of right from the order committing him to the Center for Forensic Psychiatry pursuant to § 1050 of the Mental Health Code, MCL 330.2050; MSA 14.800(1050). We agree with defendant that the final paragraph of the commitment order is improper and modify the order accordingly.

Section 1050 of the Mental Health Code, MCL 330.2050; MSA 14.800(1050), sets forth specifically the action a circuit court must take after finding a defendant not guilty by reason of insanity. The section states in pertinent part:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(1) The court shall immediately commit any person who is acquitted of a criminal charge by reason of insanity to the custody of the center for forensic psychiatry, for a period not to exceed 60 days. . . . The center shall thoroughly examine and evaluate the present mental condition of the person in order to reach an opinion on whether the person meets the criteria of a person requiring treatment or for judicial admission set forth in section 401 or 515.

(2) Within the 60-day period the center shall file a report with the court, prosecuting attorney, and defense counsel. The report shall contain a summary of the crime which the patient committed but of which he was acquitted by reason of insanity and an opinion as to whether the person meets the criteria of a person requiring treatment or for judicial admission as defined by section 401 or 515, and the facts upon which the opinion is based. . . .

(3) After receipt of the report, the court may direct the prosecuting attorney to file a petition . . . for an order of hospitalization or an order of admission to a facility with the probate court of the person's county of residence or of the county in which the criminal trial was held. . . . The report from the court containing the facts concerning the crime for which he was acquitted by reason of insanity shall be admissible in the hearings.

(4) If the report states the opinion that the person meets the criteria of a person requiring treatment or for judicial admission, and if a petition is to be filed pursuant to subsection (3), the center may retain the person pending a hearing on the petition. . . .

(5) The release provisions of sections 476 to 479 of this act shall apply to a person found to have committed a crime by a court or jury, but who is acquitted by reason of insanity, except that a person shall not be discharged or placed on leave without first being evaluated and recommended for discharge or leave by the department's program for forensic psychiatry . . . .

The discharge provisions are set forth in MCL 330.1476; MSA 14.800(476):

> (1) The director may at any time discharge a voluntarily or judicially hospitalized patient whom the director deems clinically suitable for discharge.
>
> (2) The director shall discharge a patient hospitalized by court order when the patient's mental condition is such that he no longer meets the criteria of a person requiring treatment.
>
> (3) If a patient discharged pursuant to subsection (1) or (2) has been hospitalized by court order, or if court proceedings are pending, the court shall be notified of the discharge by the hospital.

In the instant case, the first paragraph of the court's commitment order mirrored subsections (1) and (2) of MCL 330.2050; MSA 14.800(1050). However, following those paragraphs, the court stated:

> IT IS FURTHER ORDERED that the employees and agents of the Center for Forensic Psychiatry are restrained from discharging Respondent or authorizing his leave of absence until a petition is filed with this Court upon the Respondent's behalf, with notice to the Prosecution, and it is established following court hearing or trial that William Carson is no longer a person requiring treatment.

The court relied on *Teasel v Dep't of Mental Health,* 419 Mich 390; 355 NW2d 75 (1984).

We find this last paragraph of the court's order to be contrary to law. There is no provision in the Mental Health Code which allows a circuit court to hold a hearing or trial to determine whether a defendant may be discharged from a mental health facility. Rather, MCL 330.1476; MSA 14.800(476) states expressly that the director of the facility must discharge the defendant. The only provision in the statute providing for a hearing is

subsection (3), which states that if, after the defendant's mandatory sixty-day stay, the facility recommends extended hospitalization, the prosecutor must file a petition in *probate court,* which must hold a hearing to determine whether the defendant should be hospitalized for an extended period. The offending paragraph in the instant order does not refer to subsection (3) but, rather, states simply that defendant may not be discharged without a trial or hearing in circuit court.

The court's reliance on *Teasel, supra,* is misplaced, as *Teasel* is distinguishable.[1] In *Teasel,* the Court held that a defendant-patient could petition the circuit court for a writ of mandamus to compel the director of a mental health facility to comply with MCL 330.1476; MSA 14.800(476) before discharging him. *Teasel, supra,* p 412. *Teasel* does not allow the circuit court to enter an order like the one at bar. Thus, the portion of the order providing that employees of the Center for Forensic Psychiatry are restrained from discharging defendant until a petition is filed and a hearing held is vacated. The balance of the order shall remain in effect.

Reversed in part.

[1] *In re Portus,* 142 Mich App 799; 371 NW2d 871 (1985), also cited by the trial court, seems facially supportive of the trial court's decision. The issue raised here was not, however, raised in *In re Portus.* In addition, the trial on the issue of continued hospitalization in *Portus* was conducted in the *probate* and not in the circuit court.