# STATE OF MICHIGAN

# COURT OF APPEALS

ASSOCIATED CONSTRUCTION SERVICES
CORPORATION,

UNPUBLISHED
September 29, 2015

Plaintiff-Appellee,

v

COMMERCE 8800, L.L.C., CRYSTAL
HALLEY, Trustee of the HARPER H.
CUNNINGHAM & SALLY ANN
CUNNINGHAM TRUST, and REPUBLIC
BANK,

No. 320717
Oakland Circuit Court
LC No. 2009-097554-CK

Defendants,

and

JIMM F. WHITE,

Defendant-Appellant.

Before: OWENS, P.J., and SAAD and GADOLA, JJ.

PER CURIAM.

Defendant Jimm F. White appeals the jury verdict in favor of plaintiff, Associated Construction. For the reasons stated below, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

Associated Construction is a small construction business owned by Kevin McQuade and his son, Brian. In 2008, Jimm White contacted the McQuades, whom he had dealt with in a previous construction project, and asked them to renovate an office building in which his company, 8800 Commerce ("Commerce"), was a tenant.[1] The McQuades agreed to complete the work for $52,000. Instead of performing the normal due diligence associated with construction

---

[1] The building was owned by the Cunningham Trust.

-1-

projects—running a credit check on the contracting party, checking with the party's bank to ensure the party had sufficient funds, looking at bank account records—White allegedly told the McQuades he had the money to pay for the renovations. Because the McQuades say they trusted White (and "did not want to insult him" by asking for his bank records when he "drove a car that cost more than the project"), they claim that they believed and relied upon White's verbal assurances.

Associated Construction began work on the building in August 2008, and completed the project in September 2008. The costs of the project, according to Associated Construction, eventually rose to a final figure of $59,600. During August and September 2008, the company received $26,000 for its services, with money drawn from Commerce's checking account.

For unexplained reasons, Commerce did not complete payments for the renovations. White informed the McQuades in December 2008 that he did not have the money to retire the debt, and also told them that he planned to go into bankruptcy.

In January 2009, Associated Construction brought suit in the Oakland Circuit Court against multiple parties involved in the renovation: Commerce, White, Republic Bank, and the Cunningham Trust.[2] The complaint alleged five separate causes of action: (1) foreclosure of construction lien (against Commerce, Cunningham Trust, and Republic); (2) breach of contract (against Commerce); (3) unjust enrichment (against Commerce and Cunningham Trust); (4) fraud (against Commerce and White); and (5) "piercing the corporate veil" (against Commerce and White).[3]

At some point in September 2009, Associated Construction and Republic Bank reached a settlement for $5,000. With these additional monies, Associated Construction had now received $31,000 for its services, and was owed $28,600. Associated Construction also settled its claims with the Cunningham Trust, though the timing and terms of this settlement are not contained in the record.

Thereafter, defendants White and Commerce filed a motion for summary disposition as to all charges against them in September 2009. The trial court issued a written opinion and order in which it granted summary disposition to as to Associated Construction's claims for: (1) unjust enrichment; and (2) fraud; and (3) "piercing the corporate veil." The court did not specifically

---

[2] Though it is not entirely clear from the parties' briefs or the record, it appears that Republic Bank provided Commerce with financing for the renovation.

[3] "Piercing the corporate veil," as pleaded by Associated Construction in its 2009 complaint, is not a valid claim. The doctrine of "piercing the corporate veil" is used to assert a claim of *fraud* against an individual, most often the owner, of a corporate entity, who is simply using the corporate form to shield himself from personal liability for his illicit dealings. See *Rymal v Baergen*, 262 Mich App 274, 293; 686 NW2d 241 (2004). It is thus not possible to bring a standalone claim for "piercing the corporate veil," as Associated Construction did in its complaint.

address Associated's claims for foreclosure of construction lien and breach of contract. It did, however, explicitly find that Commerce was not "created for the purpose of committing a fraud," and suggested that Associated's dealings were with Commerce as a corporate entity, not White as an individual.

In February 2010, Commerce and Associated Construction reached a consent agreement as to all claims, in which Commerce agreed to pay Associated $28,500. The trial court authorized the consent agreement, which stated:

> All other pending claims are dismissed with prejudice and without costs to any party, although . . . Associated Construction[']s dismissal . . . of its claim for fraud against . . . Commerce . . . shall not act as a release or adjudication of its claim against . . . White for fraud arising out of the same transaction or occurrence.

At this juncture, with White as the only defendant, Associated Construction filed an appeal with our Court in March 2010 regarding the trial court's denial of its claims for: (1) fraud against White as an individual; and (2) "piercing the corporate veil" against Commerce and White. In its August 2011 opinion, another panel of our Court held that: (1) the trial court erred when it summarily dismissed Associated Construction's claim against White for fraud; and (2) the trial court correctly granted summary disposition as to Associated Construction's "claim" for "piercing the corporate veil."[4]

Our Court remanded the case to the Oakland Circuit for disposition of Associated's claim of fraud against White. The jury heard extensive testimony from multiple witnesses, including the McQuades and White. Associated Construction again argued that White personally defrauded the company because he promised that he would provide compensation for its renovation services. White's fraud, Associated claimed, also warranted the imposition of attorney's fees. White averred that, were everything Associated Construction alleged true, the

---

[4] *Associated Constr Servs Corp v Commerce 8800 LLC*, unpublished opinion per curiam of the Court of Appeals, issued August 11, 2011 (Docket No. 296894).

As noted in footnote 3, there is no free-standing claim for "piercing the corporate veil." The concept is merely a method used to circumvent the liability protections of a corporate entity, and assert fraud against the entity's owners. See *Rymal*, 262 Mich App at 293. Because our Court held that Commerce was a valid corporation—i.e., one that was not solely dedicated to shielding White from liability for his misdeeds—it should have been impossible for Associated Construction to sue White, as an individual, *for acts he performed as an agent of Commerce.* In other words, we respectfully believe that our Court, when it rejected Associated Construction's claims that Commerce was not a valid corporation, should have *also* rejected Associated Construction's claims that White, as an individual, committed fraud.

However, our Court did not do so, and we are bound by the law of the case to abide by its earlier decision on these matters. See *Lenawee Co v Wagley*, 301 Mich App 134, 149; 836 NW2d 193 (2013).

company could not sustain a claim for fraud, because fraud requires "reasonable" reliance, and Associated Construction's reliance on what White supposedly said about payment guarantees was not "reasonable" by the standards of the construction industry. He accordingly asked the trial court to bar evidence of his "personal guarantees" to Associated Construction.

The trial court rejected White's contentions. At this time, Associated Construction's attorney presented a general jury verdict form to instruct the jury on the elements of fraud. Without explaining why, White's counsel claimed that this verdict form was "incorrect," and submitted a different verdict form for the jury, which also contained instructions on the elements of fraud. To resolve the matter, the trial court gave its own instructions and verdict form to the jury, which explained the elements of fraud. White's attorney agreed to these instructions and the accompanying jury verdict form at the time, but noted that they had been "modified" from his preferred instructions. The jury found that White defrauded Associated Construction, and awarded $33,602.74 in damages. The trial court also independently determined that Associated was entitled to $22,599.50 in attorney's fees, plus $2,665.49 in pre-judgment interest.

On appeal, White asks us to reverse the jury's findings, because: (1) Associated Construction's reliance on his supposed assurances was not "reasonable,"; and (2) for this reason, the jury verdict form, which contained a definition of fraud that did not emphasize the necessity of showing "reasonable" reliance, was erroneous.[5] Associated Construction asks us to uphold the ruling of the trial court, and repeats its argument that White personally defrauded the company because he claimed he would personally pay for the costs of the renovation.

## II. STANDARD OF REVIEW

Whether a special verdict may be submitted to the jury is within the discretion of the trial court. *In re Portus*, 142 Mich App 799, 803-804; 371 NW2d 871 (1985). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *D'Alessandro Contracting Group, LLC v Wright*, 308 Mich App 71, 76; 862 NW2d 466 (2014).

## III. ANALYSIS

To properly preserve an issue for appellate review, it must be raised, addressed, and decided by the trial court. *Henderson v Mich Dep't of Treasury*, 307 Mich App 1, 8; 858 NW2d 733 (2014). As noted, defendant failed to object to the jury instructions or verdict form provided by the trial court at the time the trial court presented them. This issue is therefore not preserved

---

[5] White also makes the unavailing assertion that the court erred in assessing attorney's fees against him. Recovery of attorney's fees "has been allowed in limited situations where a party has incurred legal expenses as a result of another party's fraudulent or unlawful conduct." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 286; 761 NW2d 761 (2008). Here, the jury found that White defrauded Associated Construction, meaning that Associated Construction "incurred legal expenses as the result of another party's fraudulent or unlawful conduct." Accordingly, the trial court did not abuse its discretion by ordering White to pay attorney's fees.

for appellate review, and we need not address it. *Booth Newspapers, Inc v Univ of Mich Bd of Regents*, 444 Mich 211, 234; 507 NW2d 422 (1993).

In any event, though White is correct that fraud requires a plaintiff to show that he "reasonably" relied on a supposed misrepresentation,[6] White is simply wrong that such reasonable reliance imposes a duty on a plaintiff to perform "an investigation of all assertions and representations made by [his] contracting partner[.]" *Titan Ins Co v Hyten*, 491 Mich 547, 557; 817 NW2d 562 (2012). Accordingly, the trial court acted correctly when it prevented White from suggesting to the jury that Associated Construction was obligated to investigate his assertions that he could pay for the renovation project.[7]

Affirmed.

/s/ Donald S. Owens
/s/ Henry William Saad
/s/ Michael F. Gadola

---

[6] *Cummins v Robinson Twp*, 283 Mich App 677, 698; 770 NW2d 421 (2009).

[7] It should be noted that White's argument in this respect is circular and self-defeating, because it requires him to contend Associated Construction was not justified in taking him at his word—in other words, that Associated Construction should have assumed he was untrustworthy and *likely to commit fraud*—precisely what the jury convicted White of doing.