LENTINI v URBANCIC

Docket No. 246323. Submitted June 1, 2004, at Detroit. Decided June 22, 2004, at 9:05 A.M. Leave to appeal sought.

Sam Lentini, as personal representative of the estate of his deceased wife, brought an action in the Macomb Circuit Court against William R. Urbancic, M.D., and Thomas K. Thomas, M.D., claiming medical malpractice. The court, Richard L. Caretti, J., granted summary disposition for the defendants on the basis that the statutory period of limitations for the suit expired because the letters of authority for the plaintiff were issued within the meaning of MCL 600.5852 when they were signed by the probate court. The plaintiff appealed, arguing that the issue date of letters of authority should be determined on a case-by-case basis after considering all the circumstances surrounding the obtaining of the letters.

The Court of Appeals *held*:

The date that letters of authority are signed is the date that they are issued. As in MCR 2.602, which discusses the date of issuance of an order by a court, it is the issuance date of the letters of authority, the date they are signed, that is relevant. The date of a copy of the letters is certified is meaningless because a certified copy can be obtained any time after the file is opened. The judge's signed copy is in the file and remains the benchmark for reference for the purpose of calculations relating to periods of limitations, tolling clauses, and saving clauses. No record is kept of the dates that copies are certified, so certified copies cannot serve as a benchmark for the calculations for the court and the parties.

Affirmed.

EXECUTORS AND ADMINISTRATORS — PERSONAL REPRESENTATIVE — LETTERS OF AUTHORITY — ISSUE DATE.

The date that letters of authority are signed by the judge is the date that they are issued.

*Serman and Leh, P.C.* (by *John M. Leh*), for the plaintiff.

*Kerr, Russell and Weber, PLC* (by *Joanne Geha Swanson*), for defendant Urbancic.

*Raymond W. Morganti* for defendant Thomas.

Before: SMOLENSKI, P.J., and WHITE and KELLY, JJ.

SMOLENSKI, P.J. Plaintiff, the personal representative of the estate of his deceased wife, appeals as of right the order granting defendants' motion for summary disposition under MCR 2.116(C)(7). Plaintiff asserts on appeal that the trial court erred in determining that letters of authority issue within the meaning of MCL 600.5852 when they are signed by the trial court. Plaintiff argues that the question of when letters of authority issue should be determined on a case-by-case basis after considering all the circumstances surrounding the obtaining of letters of authority by the personal representative of an estate. We disagree and affirm the trial court's ruling.

We review de novo a trial court's grant of a motion for summary disposition pursuant to MCR 2.116(C)(7) to determine whether the moving party was entitled to judgment as a matter of law. *Blazer Foods, Inc v Restaurant Properties, Inc,* 259 Mich App 241, 244-245; 673 NW2d 805 (2003).

> In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations and construes them in the plaintiff's favor. *Abbott v John E Green Co,* 233 Mich App 194, 198; 592 NW2d 96 (1998). This Court considers the pleadings, affidavits, depositions, admissions, and documentary evidence filed or submitted by the parties to determine whether the claim is barred by law. See MCR 2.116(G)(5) and *Employers Mut Cas Co v Petroleum Equip, Inc,* 190 Mich App 57, 62; 475 NW2d 418 (1991). [*Id.* at 245.]

Statutory interpretation is also a question of law, which question is considered de novo on appeal. *Eggleston v Bio-Medical Applications of Detroit, Inc,* 468 Mich 29, 32; 658 NW2d 139 (2003).

Plaintiff's wife died on April 11, 1999. In order to administer a decedent's estate in which the will is uncontested, one must file for informal appointment as personal representative for that estate. MCL 700.3103. A personal representative is a fiduciary for the estate. MCL 700.1104(e). MCR 5.202(A) provides, "Letters of authority shall be issued after the appointment and qualification of the fiduciary . . . ." The letters of authority in this case were signed on October 15, 1999, and certified and mailed to plaintiff on October 19, 1999.

On October 12, 2001, plaintiff filed a Notice of Intent to File Suit against defendants, which tolled the period of limitations for 182 days. MCL 600.5856(d); MCL 600.2912b. The statute of limitations saving provision that applies to wrongful death actions, MCL 600.5852, provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.

If the date of issuance of the letters of authority is fixed as October 15, 1999, plaintiff had three days remaining under the statute of limitations when he tolled the running of the statutory period on October 12, 2001. The saving provision would give plaintiff three days to

timely file his malpractice complaint when the tolling provision expired on April 12, 2002, or until April 15, 2002. But if the date of issuance of the letters of authority is deemed to be October 19, 1999, plaintiff had seven days remaining under the statute of limitations at the time it was tolled, and, therefore, when the tolling provision expired on April, 12, 2002, plaintiff had until April 19, 2002, to timely file his complaint. Plaintiff filed his complaint on April 17, 2002. Thus, whether plaintiff's complaint survives is wholly dependent on the date the letters of authority were "issued."

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Gladych v New Family Homes, Inc*, 468 Mich 594, 597; 664 NW2d 705 (2003). If reasonable minds can differ regarding the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). The court must consider the object of the statute and the harm it is designed to remedy, and apply a reasonable construction that best accomplishes the statute's purpose. *Marquis v Hartford Accident & Indemnity (After Remand)*, 444 Mich 638, 644; 513 NW2d 799 (1994).

We hold that the trial court correctly decided that the letters of authority are "issued" on the date they are signed by the probate judge and not on the date they are certified or the date they are mailed to the fiduciary. For the purpose of a statute of limitations saving provision to be served, there must be a date certain, objectively verifiable, from which interested parties can calculate the various tolling and limitations periods. The merit of defendants' position and the trial court's ruling is that the date the letters of authority are signed by the trial court is an objectively verifiable, certain, and unchang-

ing date. The signature date is the date by which deadlines for the expiration of the letters of authority and the due dates for the estate's inventory and annual account are set. Moreover, the probate court's "Case Summary" of a decedent's estate, which exists to provide a list of all the significant activity on a particular file, lists the signature date as the date that the personal representative of the estate was appointed on the basis of the letters of authority. And it is the date the fiduciary receives his authority to act on behalf of the estate. MCL 700.3103 states, "The issuance of letters commences an estate's administration." The signature date is also indicated on each and every certified copy and on the original letters of authority.

By holding that the signature date is the issuance date of the letters of authority, the trial court interpreted MCL 600.5852 in a way that served the purpose of the statute in that it provided an objectively verifiable, easily ascertainable date from which to calculate the running of limitations and limitations saving provisions. This interpretation also advances one of the purposes of the Estates and Protected Individuals Code, MCL 700.1101 *et seq.*, "To promote a speedy and efficient system for liquidating a decedent's estate . . . ." MCL 700.1201(c).

Furthermore, we believe this interpretation is supported by our Supreme Court's recent decision in *Eggleston, supra* at 33, which held that MCL 600.5852 allows *any* personal representative, not just the initial personal representative, to commence an action within two years after letters of authority are issued. Because a personal representative may not commence an action until he has authority to do so and he receives this authority on the date the probate judge signs letters of authority, it follows that the statutory period of limita-

tions and any saving provisions should begin to run from the date the personal representative has authority to commence an action.[1]

We find defendant Urbancic's reference to MCR 2.602 and his comparison of the certified copy of the letters of authority to a true copy of an order of the circuit court to be apt. MCR 2.602(A)(2) provides that the date of the signing of an order or judgment is the date of entry of that order or judgment. By analogy, the date the letters of authority are signed is the date that they are issued. And it is the date that a circuit court order is signed that is used to refer to the order. The date that a true copy of an order is obtained by an interested party is not legally or procedurally significant. So it should be with the letters of authority.

The date letters of authority are certified is unworkable as the date of issuance because the certification date simply reflects the date that an interested party requests and obtains certified copies of the letters of authority. One could get a certified copy every day of the month, providing no date certain from which to calculate the statute of limitations and other deadlines. Further, the certification date is not verifiable absent the actual certified copy of the letters of authority. Unlike the date of the judge's signature, which is recorded in the court file and which remains on the original letters of authority contained in the court file, there is no record of the date that copies of the letters of authority are certified. Therefore, if the recipient of a certified copy of the letters of authority were to misplace his copy, there would be no means to determine the date of the certification and no way to calculate,

---

[1] We note that the personal representative, if he so chose, could obtain a copy of the letters of authority on the date they are signed by the probate court.

with certainty, the date the statutory period of limitations expires. Clearly, the goal of ease and speed of application of statute of limitations provisions requires that the date of issuance of letters of authority be the date that they are signed by the court. For this reason, plaintiff's assertion that the issuance date should be determined by considering the factual circumstances of each case is also unworkable.[2]

Plaintiff argues that the trial court erred in disregarding the probate registrar's affidavit presented in this case because, on the basis of his affidavit, a reasonable trier of fact could have determined that the letters of authority were issued on October 19, 1999, as did the registrar. However, plaintiff confuses an issue of law with an issue of fact. When letters of authority issue under MCL 600.5852 is a question of statutory construction, which is an issue of law. *Eggleston, supra* at 32. Issues of law are to be decided by the court. *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000). Courts will not allow even expert witness testimony on issues of law or the meaning of a legal term because it is the exclusive responsibility of the trial court to find and interpret the applicable law. *In re Portus*, 142 Mich App 799, 802; 371 NW2d 871 (1985). In this case, the registrar's testimony concerning the specific facts of this case, i.e., when the letters were signed by the probate court, when they were mailed out, the importance given to the signature date by the probate court in the managing of the case, and the manner in which letters are certified, were all appropriately considered by the trial court before it

---

[2] Plaintiff would have the court consider not only the date letters of authority are signed, but also the date the letters and Notice of Duties were mailed, the date the publication notice was put in the pick-up box, and the date filing fee receipt for appointment as a personal representative was stamped.

made its determination interpreting the language of MCL 600.5852. Simply because the court did not agree with the registrar's opinion[3] about the date that the letters of authority are issued does not mean that it did not consider it.

Affirmed.

---

[3] The registrar testified at a later deposition that he did not intend to express an opinion about the legal definition of the term "issue" with regard to the statute of limitations applicable to wrongful death actions in Michigan.