FARLEY v ADVANCED CARDIOVASCULAR HEALTH
SPECIALISTS, PC

Docket Nos. 256776, 256799, 257988. Submitted April 5, 2005, at Detroit.
Decided May 26, 2005, at 9:10 a.m. Leave to appeal sought.

Elizabeth Farley, as personal representative of the estate of Franklin
Farley, deceased, brought a medical malpractice wrongful death
action in the Wayne Circuit Court against Advanced Cardiovascu-
lar Health Specialists, P.C.; Garden City Hospital; and others, but
the action was filed more than two years after the plaintiff's
appointment as personal representative. Advanced Cardiovascular
and Garden City Hospital (hereafter referred to as the defendants)
moved for summary disposition, arguing that the plaintiff's action
was not timely. The trial court, Louis F. Simmons, Jr., J., denied
summary disposition, concluding that the filing of the plaintiff's
notice of intent to bring an action tolled the two-year filing period
found in the saving provision for wrongful death actions and her
action was thus timely. The defendants subsequently moved for
rehearing in light of the Supreme Court's decision in *Waltz v Wyse*,
469 Mich 642 (2004), but the trial court denied their motions. The
defendants appealed separately by leave granted, and the appeals
were consolidated.

The Court of Appeals *held*:

The trial court erred by denying summary disposition for the
defendants. The plaintiff did not file her action within the two-
year period of limitations for medical malpractice actions. Thus,
her action was barred unless an exception applies. Because the
plaintiff did not file her notice of intent within the two-year period
of limitations for malpractice actions, MCL 600.5856(d) did not toll
that period of limitations. Under MCL 600.5852, the saving
provision for wrongful death actions, the plaintiff had two years
from the time her letters of authority were issued to file the action,
but did not do so within that extended period either. *Waltz* held
that the notice tolling provision of MCL 600.5856(d) does not apply
to MCL 600.5852, so the two-year period provided by the saving
provision in MCL 600.5852 is not tolled by filing a notice of intent.
Pursuant to the binding authority of *Ousley v McLaren*, 264 Mich
App 486 (2004), *Waltz* applies retroactively, and the plaintiff's

action was not timely filed. This conclusion is not changed by the fact that the plaintiff filed her action before the expiration of the three-year ceiling on wrongful death actions also found in MCL 600.5852.

Reversed and remanded for entry of an order of summary disposition for the defendants.

*McKeen & Associates, P.C.* (by *Euel W. Kinsey*), for Elizabeth Farley.

*Plunkett & Cooney, P.C.* (by *Robert G. Kamenec*), and *Hebert, Eller, Chandler & Reynolds, PLLC* (by *Kevin P. Hanbury*), for Advanced Cardiovascular Health Specialists, P.C.

*Feikens, Stevens, Kennedy & Galbraith, P.C.* (by *Jon Feikens* and *Michael Barey*), for Garden City Hospital.

Before: WHITBECK, C.J., and ZAHRA and OWENS, JJ.

PER CURIAM.

### I. OVERVIEW

In these consolidated appeals, defendants Garden City Hospital and Advanced Cardiovascular Health Specialists, P.C., appeal by leave granted the denial of their motions for summary disposition, in which they argued that plaintiff Elizabeth Farley's medical malpractice wrongful death suit was untimely filed. The trial court ruled that, because Farley filed a notice of intent during the two-year period in which the wrongful death saving provision (MCL 600.5852) allows a personal representative to commence an action, the notice tolling provision (MCL 600.5856[d]) tolled the wrongful death saving provision's two-year period, making Farley's suit timely filed.

After the trial court denied defendants' motions for summary disposition, the Michigan Supreme Court de-

cided *Waltz v Wyse*,[1] which held that the notice tolling provision (MCL 600.5856[d]) did not toll the additional period for an action permitted under the wrongful death saving provision (MCL 600.5852).[2] Defendants moved for rehearing in light of *Waltz*, but the trial court denied the motion. Since that ruling, this Court decided *Ousley v McLaren*,[3] which held that *Waltz* applies retroactively. We are bound to follow this decision.[4] Accordingly, we hold that the notice tolling provision (MCL 600.5856[d]) did not toll the two-year period to file wrongful death actions under the wrongful death saving provision (MCL 600.5852), and that Farley's suit was not timely filed. Therefore, we reverse and remand for entry of summary disposition in defendants' favor.

## II. BASIC FACTS AND PROCEDURAL HISTORY

According to the complaint, sixty-two-year-old Franklin Farley was admitted to Garden City Hospital on February 6, 1999, with acute pancreatitis and hypertension. A stress test showed that Franklin Farley did not have cardiovascular disease. He was tested and treated at Garden City Hospital until March 14, 1999, when he was discharged.[5] On March 16, 1999, Franklin Farley reported difficulty breathing, and was rushed to Oakwood-Annapolis Hospital. He died the next day from severe coronary artery disease.

On June 22, 2000, the probate court appointed Elizabeth Farley (Farley), Franklin Farley's widow, as per-

---

[1] *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004).

[2] *Id.* at 644.

[3] *Ousley v McLaren*, 264 Mich App 486; 691 NW2d 817 (2004).

[4] See MCR 7.215(J)(1); *Horace v City of Pontiac*, 456 Mich 744, 754; 575 NW2d 762 (1998).

[5] For purposes of the following analysis, we use March 14, 1999, the date Franklin Farley was discharged from Garden City Hospital, as the latest date of the alleged malpractice.

sonal representative of his estate, and issued letters of authority to her. As MCL 600.2912b requires, Farley filed a written notice of intent to sue for medical malpractice on April 9, 2002. When the written notice of intent was sent, seventy-four days remained before Farley's two-year anniversary as personal representative, which would mark the end of the period within which she could commence a suit under the wrongful death saving provision (MCL 600.5852). Citing the medical malpractice notice tolling provision (MCL 600.5856[d]), Farley contended that the written notice of intent tolled this seventy-four-day period for 182 days, or until October 8, 2002. Farley filed this lawsuit on October 18, 2002, ten days later.

The following timeline indicates what actions Farley took in relation to the statutory provisions that govern the filing of a medical malpractice wrongful death lawsuit. The shaded area indicates the time within which filing a notice of intent can toll the medical malpractice period of limitations under the notice tolling provision (MCL 600.5856[d]).[6]

| Alleged malpractice | Farley appointed personal representative | Two-year medical-malpractice period of limitations expired (600.5805) | Farley files notice of intent (600.2912b) | End of two-year period during which an action "may" be filed (600.5852) | Farley files suit | End of three-year period after which action "shall not be brought" (600.5852) |
|---|---|---|---|---|---|---|
| 3/14/99 | 6/22/00 | 3/14/01 | 4/9/02 | 6/22/02 | 10/18/02 | 3/14/04 |

---

[6] For ease of comparison, a set of timelines comparing the facts of this case with those of four other cases relevant to our analysis can be found in the appendix to this opinion.

Defendants moved for summary disposition under MCR 2.116(C)(7), asserting that Farley's claim was not timely. Farley countered that the notice tolling provision (MCL 600.5856[d]) had tolled the running of the wrongful death saving statute (MCL 600.5852). Relying on *Omelenchuk v City of Warren*,[7] the trial court ruled that the notice tolling provision (MCL 600.5856[d]) tolled the two-year filing period in the wrongful death saving statute (MCL 600.5852) for 182 days. Thus, under the trial court's reasoning, instead of expiring on June 22, 2002 (two years after Farley's appointment as personal representative), the written notice of intent tolled the filing period until October 9, 2002 (April 9, 2002, plus 182 days), so the filing period did not expire until December 21, 2002 (October 9, 2002, plus the remaining seventy-four days), thereby making Farley's October 18, 2002, lawsuit timely. On this basis, the trial court denied defendants' motions for summary disposition.

On April 14, 2004, the Michigan Supreme Court decided *Waltz*. Defendants moved for rehearing in light of *Waltz*, but the trial court denied their motions. We granted defendants' applications for leave to appeal the denial of their motions for summary disposition.

### III. THE TIMELINESS OF FARLEY'S COMPLAINT

#### A. STANDARDS OF REVIEW

We review de novo whether a judicial decision should apply retroactively,[8] whether a statute of limitations

---

[7] *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 117 (2000), clarified and overruled in part in *Waltz, supra* at 652-655.

[8] *Adams v Dep't of Transportation*, 253 Mich App 431, 434-435; 655 NW2d 625 (2002).

bars a claim,[9] and questions of statutory interpretation.[10]

### B. GENERAL OVERVIEW OF STATUTORY SCHEME

#### (1) THE MALPRACTICE STATUTORY LIMITATIONS PERIOD (MCL 600.5805)

Under the statutory two-year malpractice limitations period (MCL 600.5805),[11] unless an exception applies, a malpractice action must be brought within two years of when the claim first accrued.[12] Two statutory exceptions to the two-year malpractice limitations period are germane to this case.

#### (2) THE NOTICE TOLLING PROVISION (MCL 600.5856[d])

The first exception involves the effect of filing a notice of intent to sue, which all plaintiffs alleging medical malpractice are required to do under MCL 600.2912b(1) "not less than 182 days before the action is commenced."[13] MCL 600.5856(d), commonly referred to as the "notice tolling provision," provided at the pertinent time:[14]

---

[9] *McKiney v Clayman*, 237 Mich App 198, 201; 602 NW2d 612 (1999).

[10] *Haworth, Inc v Wickes Mfg Co*, 210 Mich App 222, 227; 532 NW2d 903 (1995).

[11] The pertinent portion of this provision was formerly found at MCL 600.5805(4). It was renumbered MCL 600.5805(5) by 2000 PA 2, effective February 17, 2000, and renumbered MCL 600.5805(6) by 2002 PA 715, effective March 31, 2003.

[12] See *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 219; 561 NW2d 843 (1997).

[13] MCL 600.2912b(2) refers to the written notice in MCL 600.2912b(1) as a "notice of intent to file a claim . . . ."

[14] This section was amended effective April 22, 2004, and subdivision d was relettered as subdivision c, but that amendment does not apply to this case.

The statutes of limitations or repose are tolled:

\* \* \*

(d) If, during the applicable notice period under section 2912b, a claim would be barred by the statute of limitations or repose, for not longer than a number of days equal to the number of days in the applicable notice period after the date notice is given in compliance with section 2912b.

Thus, under this provision, filing a notice of intent to sue will toll any period of limitations or repose, if such period of limitations or repose would otherwise bar the claim, for the time set out in the written notice of intent provision (MCL 600.2912b[1]), that is, for a period not longer than 182 days.

### (3) THE WRONGFUL DEATH SAVING PROVISION (MCL 600.5852)

The second statutory exception to the two-year malpractice limitations period we must consider is MCL 600.5852, which is known as the "wrongful death saving provision." This provision states:

If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run.[15]

Under this provision, a personal representative may file a medical malpractice suit on behalf of a deceased person for two years after letters of authority are issued, as long as that suit is commenced within three

---

[15] MCL 600.5852.

years after the two-year malpractice limitations period expired.[16]

C. APPLICATION OF THE STATUTORY SCHEME TO THIS CASE

It is undisputed that Farley did not file suit within two years after her cause of action accrued, as required by the statutory two-year malpractice limitations period (MCL 600.5805). Thus, her suit is untimely unless an exception applies.[17] The first relevant exception is the notice tolling provision (MCL 600.5856[d]), which provides that filing a notice of intent will operate to toll "statutes of limitation or repose . . . ." However, because it is also undisputed that Farley did not file the written notice of intent within the statutory two-year malpractice limitations period (MCL 600.5805), that exception does not apply.[18]

The second possible exception to the malpractice limitations period is the wrongful death saving provision (MCL 600.5852), which provides a two-year period from the time letters of authority are issued within which a personal representative may file a wrongful death action. Here, Farley received her letters of authority on June 22, 2000. Thus, under the wrongful death saving provision, Farley had until June 22, 2002, to file her wrongful death action. However, Farley did

---

[16] We note that the three-year ceiling in this provision does not establish an independent period during which a personal representative may bring suit. Specifically, it does not authorize a personal representative to file suit at any time within three years after the period of limitations has run. Rather, the three-year ceiling limits the two-year saving period to those cases brought within three years of when the malpractice limitations period expired. As a result, while the three-year ceiling can *shorten* the two-year window during which a personal representative may file suit, it cannot *lengthen* it.

[17] See *Solowy*, *supra* at 219.

[18] See *Waltz*, *supra* at 655.

)

not file her complaint until October 18, 2002, which was after the two-year period expired. Thus, her suit was not timely filed under the wrongful death saving provision (MCL 600.5852).

Farley contends that the two-year period in the wrongful death saving provision (MCL 600.5852) was tolled by the notice tolling provision (MCL 600.5856[d]) when she filed her notice of intent on April 9, 2002, before the two-year wrongful death saving provision period expired. The trial court ruled that, under *Omelenchuk*, the notice tolling provision tolled the filing period for 182 days. However, *Waltz* subsequently overruled *Omelenchuk* in part to hold that the notice tolling provision (MCL 600.5856[d]) applies only to the statutory two-year malpractice period of limitations (MCL 600.5805), not the wrongful death saving provision (MCL 600.5852).[19] As this Court determined in *Ousley*, the holding in *Waltz* applies retroactively.[20] Therefore, we conclude that the trial court's ruling that Farley's notice of intent tolled the time limits in the wrongful death saving provision (MCL 600.5852) was erroneous.

Farley argues that neither *Waltz* nor *Ousley* addressed whether a suit is timely when, as here, the personal representative filed suit within three years after the two-year medical malpractice limitations period (MCL 600.5805) had expired, and therefore those cases do not determine the outcome here. It is true that, in *Waltz* and *Ousley*, the personal representative filed suit after both the two-year malpractice limitations period (MCL 600.5805) and the three-year ceiling set forth in the wrongful death saving provision (MCL 600.5852) had passed.[21] However, this factual distinc-

---

[19] *Id.* at 650-651, 655.

[20] See *Ousley, supra* at 495.

[21] See *Waltz, supra* at 651-652; *Ousley, supra* at 489.

tion makes no difference. As noted, the three-year ceiling in the wrongful death saving provision is not an independent period in which to file suit; it is only a limitation on the two-year saving provision itself. Therefore, the fact that the three-year ceiling was not yet reached when Farley filed suit is irrelevant.

Further, Farley's contention that *Ousley* and *Waltz* only addressed whether the notice tolling provision tolled the five-year maximum in the wrongful death saving provision, thereby leaving open the question whether the notice tolling provision might toll the two-year period in that same provision, is inaccurate. *Waltz* squarely held that the notice tolling provision (MCL 600.5856[d]) "explicitly applies only to 'the statute of limitations or repose,' " and therefore "does not operate to toll the additional period permitted under [MCL 600.5852] for filing wrongful death actions."[22] This holding clearly applies to the two-year period in the wrongful death saving provision (MCL 600.5852).

A panel of this Court addressed a factually similar situation shortly after *Waltz* was decided. In *Lentini v Urbancic*,[23] the question before the Court was whether letters of authority should be considered "issued" when they were signed, when they were certified, or when they were mailed.[24] As in the present case, a notice of intent was filed during the two-year wrongful death saving provision period, and suit was filed before the three-year limit expired. In the course of analyzing the issue relating to the notice of intent, the *Lentini* panel stated that filing a notice of intent after the two-year malpractice limitations period expired, but during the two-year wrongful death saving provision period, oper-

---

[22] *Waltz, supra* at 655.

[23] *Lentini v Urbancic*, 262 Mich App 552; 686 NW2d 510 (2004).

[24] *Id.* at 554-555.

ated to toll the period in which to file suit.[25] However, the Michigan Supreme Court recently vacated *Lentini* and remanded it for reconsideration in light of *Waltz*.[26] Having considered the present case in light of *Waltz*, we hold that the filing of Farley's notice of intent did not toll the two-year period in which to file suit under the wrongful death saving provision (MCL 600.5852).

In sum, because Farley's claim was filed after the two-year malpractice limitations period expired, and because no exception applied, we conclude that the trial court erred by denying defendants' motions for summary disposition.[27] In light of our disposition, we need not reach defendants' remaining issue.

Reversed and remanded for entry of an order of summary disposition in defendants' favor. We do not retain jurisdiction.

---

[25] *Id.*

[26] 472 Mich 885 (2005).

[27] Farley asserts that construing the notice tolling provision in a manner that makes it inapplicable to the wrongful death saving provision effectively shortens the two-year saving period to 1½ years. Farley argues that this construction, and its retroactive application, are unconstitutional. However, both *Waltz* and *Ousley* rejected constitutional challenges based on the notion that the *Waltz* decision shortened the two-year wrongful death saving provision, reasoning that the two-year period remained unaffected by the holding in *Waltz*. See *Waltz, supra* at 652 n 14; *Ousley, supra* at 496. Therefore, Farley's argument on this point is untenable.

## Appendix: Timelines Of Cases Mentioned In This Opinion

■■■■■■ =Period during which filing notice of intent will toll period of limitations (POL)

### *Omelenchuk v City of Warren*, 461 Mich 567; 609 NW2d 117 (2000), overruled in part 469 Mich 642 (2004)

| | | Notice of intent filed (600.2912b); two-year malpractice POL tolled for 182 days (600.5856) | Two-year malpractice POL would have expired if not tolled (600.5805) | Two-year wrongful-death saving provision window expired (600.5852) | | Tolled two-year malpractice POL expired (600.5805) |
|---|---|---|---|---|---|---|
| Alleged malpractice | Personal representatives appointed | | | | Suit filed | |
| 2/13/94 | 2/14/94 | 12/11/95 | 2/13/96 | 2/14/96 | 7/19/96 | 8/13/96 |

### *Waltz v Wyse*, 469 Mich 642; 677 NW2d 813 (2004)

| Alleged malpractice | Two-year malpractice POL expired (600.5805) | Notice of intent filed (600.2912b) | Three-year wrongful-death saving provision ceiling expired (600.5852) | Personal representative appointed | Suit filed |
|---|---|---|---|---|---|
| 4/18/94 | 4/18/96 | 1/?/99 | 4/18/99 | 5/27/99 | 6/23/99 |

### *Ousley v McLaren*, 264 Mich App 486; 691 NW2d 817 (2004)

| Alleged malpractice | Two-year malpractice POL expired (600.5805) | Personal representative appointed | Notice of intent filed (600.52912b) | Three-year-wrongful-death saving provision ceiling expired (600.5852) | Suit filed |
|---|---|---|---|---|---|
| 5/11/97 | 5/11/99 | 4/30/02 | 5/2/02 | 5/11/02 | 10/14/02 |

## Appendix: Timelines Of Cases Mentioned In This Opinion

■■■■■ =Period during which filing notice of intent will toll period of limitations (POL)

**Lentini v Urbancic, 262 Mich App 552; 686 NW2d 510 (2004), vacated 472 Mich 885 (2005)**

| Alleged malpractice | Personal representative appointed | Two-year malpractice POL expired (600.5805) | Notice of intent filed (600.2912b) | Two-year wrongful-death saving provision window expired (600.5852) | Suit filed | Three-year wrongful-death provision ceiling expired (600.5852) |
|---|---|---|---|---|---|---|
| 4/11/99 | 10/15/99 | 4/11/01 | 10/12/01 | 10/15/01 | 4/17/02 | 4/11/04 |

**Farley v Advanced Cardiovascular Health Specialists, PC, 266 Mich App 566; ___ NW2d ___ (2005)**

| Alleged malpractice | Personal representative appointed | Two-year malpractice POL expired (600.5805) | Notice of intent filed (600.2912b) | Two-year wrongful-death saving provision window expired (600.5852) | Suit filed | Three-year wrongful-death provision ceiling expired (600.5852) |
|---|---|---|---|---|---|---|
| 3/14/99 | 6/22/00 | 3/14/01 | 4/09/02 | 6/22/02 | 10/18/02 | 3/14/04 |