*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN MIGHION LLC,

        Plaintiff-Appellant,

v

MHT FAMILY PROPERTIES I, LLC, J&K AIRPORT PROPERTY, LLC, and MELANIE H TREMONTI,

        Defendants-Appellees.

UNPUBLISHED
July 09, 2025
9:08 AM

No. 369728
Wayne Circuit Court
LC No. 23-005574-CB

Before: GADOLA, C.J., and RICK and YATES, JJ.

PER CURIAM.

Plaintiff, John Mighion, LLC, appeals as of right the trial court's order dismissing its complaint under MCR 2.116(C)(7). The trial court found plaintiff's complaint to be untimely because it was filed after the six-year statute of limitations had expired. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Defendant, MHT Family Properties I, LLC (MHT), owns a building in Detroit that plaintiff rents to operate a restaurant. The lease contained an option to purchase the building and a right of first refusal. In 2017, plaintiff sought to exercise the option to buy the building but MHT refused to sell. Plaintiff sued MHT for breach of contract in the Wayne Circuit Court, which assigned the matter to a judge of the business court. In May 2019, the parties entered into a settlement agreement in which MHT agreed to pay plaintiff $600,000 in exchange for a new lease, without an option to buy. After attempting to recover the $600,000 without success, plaintiff filed a motion to enforce the settlement agreement in the trial court. The trial court granted judgment in favor of plaintiff against MHT in the amount of $600,000 plus statutory interests and costs.

On March 30, 2023, plaintiff filed a two-count "Supplemental Complaint" in the 2017 case, alleging MHT violated the Uniform Voidable Transactions Act (UVTA) by granting a future advance mortgage on the property to J&K Airport Property (J&K) to secure a draw note in the amount of $2,000,000. The mortgage was recorded with the Wayne County Register of Deeds on March 31, 2017—when plaintiff and MHT were involved in the breach of contract litigation. The

supplemental complaint thus added two defendants: J&K Airport Property, LLC, the mortgagee, and Melanie H. Tremonti, an owner of MHT.

MHT filed a motion to strike the supplemental complaint pursuant to MCR 2.115(B). MHT argued that plaintiff was attempting to initiate proceedings supplementary to judgment, but did not do so by motion or by filing a separate action, as required by MCR 2.621(A). MHT conceded it had granted a mortgage to J&K in 2017, but asserted that plaintiff's supplemental complaint should be stricken because plaintiff did not file a motion or separate action, and thus the supplemental complaint was in contravention of the court rules. Plaintiff apparently voluntarily dismissed the supplemental complaint after MHT filed its motion to strike the complaint.[1]

On May 2, 2023, plaintiff initiated a separate action against MHT, J&K, and Tremonti in the Wayne Circuit Court, which was also assigned to the business court. The complaint made the same UVTA claims as the supplemental complaint in the 2017 case. Defendants MHT and Tremonti filed a motion to dismiss under MCR 2.116(C)(7) and (C)(8), arguing the complaint was untimely under the six-year statute of limitations for UVTA claims as provided in MCL 600.5813. Defendants contended that plaintiff's UVTA claims arose when the mortgage was recorded on March 31, 2017, but the complaint was not filed until May 2, 2023—about one month past the expiration of the six-year limitations period. Defendants also argued that the UVTA claims should fail as a matter of law because no "transfer" occurred. In response, plaintiff argued that the complaint in the new action related back to the supplemental complaint filed in the 2017 case on March 30, 2023, to toll the limitations period. Plaintiff admitted that the supplemental complaint was an improper pleading, and that the proper process to obtain relief under MCR 2.621(A) was to file a new, separate action. But plaintiff averred that, albeit improper, the supplemental complaint was filed within the limitations period and provided actual notice to defendants such that it tolled the statute of limitations.

The trial court found that the supplemental complaint was not proper because the parties had not stipulated to, nor had the plaintiff filed a motion to, file an amended or supplemental complaint. The trial court stated the 2017 case should have been closed by the judgment entered, but the order lacked the necessary language to administratively close the case. Therefore, plaintiff was able to file the supplemental complaint in that case when it should not have been permitted, but for the fact the case had somewhat mysteriously remained open. The trial court held that the new complaint did not relate back to the date the supplemental complaint was filed because the supplemental complaint was not legitimate. The trial court also held that it did not have jurisdiction because the complaint was attempting to enforce a judgment, an action that is not within the jurisdiction of the business court pursuant to MCL 600.8031(3). The trial court granted defendant's motion to dismiss the complaint. Plaintiff now appeals.

---

[1] In its brief, plaintiff states, "it appears that a notice of voluntary dismissal was never entered with the trial court, or that the trial court ever formally ruled on the motion to strike. However, the parties have operated as though the Supplemental Complaint was voluntarily dismissed during the hearing on the motion to strike, which occurred on May 12, 2023."

## II. DISCUSSION

Plaintiff argues the trial court erred in dismissing the complaint because it was within the jurisdiction of the business court, and the complaint was timely under statutory tolling and tolling pursuant to the Supreme Court's Administrative Order No. 2020-3, 505 Mich cxxvii (2020).

### A. BUSINESS COURT JURISDICTION

The trial court held that it did not have jurisdiction over plaintiff's case because the complaint constituted a proceeding to enforce a judgment, and such proceedings are excluded from the business court's jurisdiction under the statute. See MCL 600.8031(3)(i).

Whether a court has subject-matter jurisdiction is a question of law reviewed de novo. *Hillsdale Senior Servs, Inc v Hillsdale Co*, 494 Mich 46, 51; 832 NW2d 728 (2013). Questions of statutory interpretation are also reviewed de novo. *Farley v Advanced Cardiovascular Health Specialists PC*, 266 Mich App 566, 570-571; 703 NW2d 115 (2005). The goal of statutory interpretation is to give effect to the Legislature's intent. *McCormick v Carrier*, 487 Mich 180, 191; 795 NW2d 517 (2010). "This Court begins by reviewing the language of the statute, and, if the language is clear and unambiguous, it is presumed that the Legislature intended the meaning expressed in the statute." *Id*. This Court considers the plain meaning of the words in the statute and their "placement and purpose in the statutory scheme." *Id*. at 192.

Subject-matter jurisdiction is the right of the court to exercise judicial power over a class of cases, not the particular case before it." *Teran v Rittley*, 313 Mich App 197, 205; 882 NW2d 181 (2015). "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." MCL 600.605. Under MCL 600.8033(1), every circuit court with not fewer than three circuit judges "shall have a business court…." "A business court has jurisdiction over business and commercial disputes in which equitable or declaratory relief is sought or in which the matter otherwise meets circuit court jurisdictional requirements." MCL 600.8035(1). "An action must be assigned to a business court if all or part of the action includes a business or commercial dispute." MCL 600.8035(3). "Business or commercial dispute" means "an action in which all of the parties are business enterprises, unless the only claims asserted are expressly excluded under subsection (3)." MCL 600.8031(c)(i). Subsection (3) expressly excludes "[p]roceedings to enforce judgments of any kind, including supplementary hearings." MCL 600.8031(3)(i).

Plaintiff's complaint is titled, "Verified Complaint Under MCR 2.621(A) and MCL 600.6134." Directly below the title the complaint states, "*This is a business case in which all or part of action [sic] includes a business or commercial dispute under MCL 600.8035.*" The first paragraph of the "Introduction and Parties" section states, "This case is brought under MCR 2.621(A) and MCL 600.6101, *et seq*., specifically under MCL 600.6134, to enforce a Judgment entered in favor of John Mighion against MHT." Then, it explains that plaintiff and defendant MHT were previously involved in litigation in case no. 17-001901-CB that resulted in a judgment in favor of plaintiff that remains outstanding. The complaint goes on to detail the facts surrounding MHT's mortgage to J&K. The facts section ends with the statement, "To protect its procedural interests, John Mighion brings this separate action reasserting these same claims against the same

-3-

parties." Count I asserts "Voidable Transfer Under MCL 566.34," and Count II asserts "Voidable Transfer Under MCL 566.35." Plaintiff requested relief in the form of an order "(a) avoiding the mortgage, (b) entering a money judgment for the value of the real estate against defendants, and/or (c) granting such other relief as is just and equitable."

The complaint is admittedly confusing. But when read in whole, it is clear the business court had subject-matter jurisdiction. The title of the complaint cites MCR 2.621(A) and MCL 600.6134. MCR 2.621(A) provides,

> When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action: (1) obtain the relief formerly obtainable by a creditor's bill; (2) obtain relief supplementary to judgment under MCL 600.6101-600.6143 and (3) obtain other relief in aid of execution authorized by statute or court rule.

MCL 600.6134 states,

> For the purposes of this chapter a person is deemed to be indebted to the judgment debtor, although any debt in question has been assigned, charged or encumbered by the judgment debtor, if the assignment, charge or encumbrance is fraudulent as against creditors or is otherwise voidable.

The first sentence of the introductory paragraph of the complaint asserts that plaintiff is bringing this claim to enforce a judgment. But the body of the complaint asserts two counts under the UVTA, alleging the mortgage on the property was a voidable transaction that encumbered MHT's assets, and therefore interfered with plaintiff's interest in the property. It is strange to lead the complaint with a statement that the case is being brought specifically to enforce a judgment, yet the two-count complaint does not include a count to enforce the judgment. When read in context of the entire introduction section, the statement regarding enforcement of the judgment precedes paragraphs of background information regarding the previous litigation and how that provides the basis for plaintiff's UVTA claims. Most of the facts section is spent detailing the terms of the mortgage, its timing, and why it should be voided under the UVTA. Taken as a whole, the complaint seems to be seeking to obtain relief supplementary to the judgment and void the mortgage under two different sections of the UVTA.

Thus, the trial court was incorrect that it did not have jurisdiction as a business court. "A business court has jurisdiction over business and commercial disputes in which equitable or declaratory relief is sought *or in which the matter otherwise meets circuit court jurisdictional requirements.*" MCL 600.8035(1) (emphasis added). And "[a]n action *must* be assigned to a business court if all *or part* of the action includes a business or commercial dispute." MCL 600.8035(3) (emphasis added). The complaint meets the definition of a "business or commercial dispute" because the parties are business enterprises. See MCL 600.8031(c)(i). While proceedings to enforce judgments are expressly excluded under the statute, that is not the only claim being asserted here; plaintiff brings two counts to void the mortgage pursuant to the UVTA, which are claims that are within the business court's jurisdiction. See MCL 600.8031(2)(g) (a business or commercial dispute includes actions involving commercial real property.) And the business court has jurisdiction over business disputes in which equitable or declaratory relief is sought *or* in which

the matter otherwise meets circuit court jurisdictional requirements. This is a civil claim between business entities alleging a voidable transfer under the UVTA regarding property located within Wayne County. The Wayne County Circuit Court clearly has subject-matter jurisdiction, and the business court appears to be the proper venue to hear the case under MCL 600.8035(1). See MCL 600.605. Though part of the claim seems to be attempting to enforce the judgment from the 2017 case, which is expressly excluded from the business court's jurisdiction in MCL 600.8031(3)(i), that is not the only claim plaintiff brought in its complaint. In conclusion, the trial court had jurisdiction under MCL 600.8031(c)(i) and MCL 600.8035(1).

## B. TOLLING THE STATUTE OF LIMITATIONS

Plaintiff also argues the trial court erred in finding the complaint did not relate back to the date the supplemental complaint was filed because the supplemental complaint was not a proper pleading.

This Court reviews a trial court's decision on a motion to dismiss de novo. *Mouzon v Achievable Visions*, 308 Mich App 415, 418; 864 NW2d 606 (2014). Questions of statutory interpretation are also reviewed de novo. *Farley*, 266 Mich App at 570-571.

The statute of limitations period for claims under the UVTA is six years. MCL 566.39(a); MCL 600.5813. "[T]he period of limitations runs from the time the claim accrues." MCL 600.5827. A claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." MCL 600.5827. Generally, exceptions to statutes of limitations are to be strictly construed. *Dine Brands Global, Inc v Eubanks*, __ Mich __, __; __ NW2d __ (2025) (Docket Nos. 165391; 165392); slip op at 13.

The trial court found that the complaint was untimely because it was filed after the six-year limitations period had expired. The trial court held that the complaint could not relate back to the earlier date the supplemental complaint was filed in the 2017 case because the supplemental complaint was "never properly part of that cause of action." The court explained that the time period for filing an amended complaint in the 2017 case had expired, and therefore any amended or supplemental complaint must have been supported by a stipulation between the parties, or by filing a motion to amend the complaint in the trial court, neither of which occurred. Therefore, plaintiff could not avail itself of statutory tolling.

The trial court was correct in finding the complaint was untimely. Plaintiff's UVTA claims accrued on March 31, 2017, the date the mortgage was recorded. See MCL 600.5827. The six-year limitations period expired on March 31, 2023. See MCL 566.39(a); MCL 600.5813. Plaintiff filed its supplemental complaint in the 2017 case on March 30, 2023—within the limitations period. Plaintiff filed its new complaint on May 2, 2023—outside the limitations period. On appeal, plaintiff argues that Michigan's tolling statute, MCL 600.5856, should apply because it is undisputed that the supplemental complaint provided all parties with actual notice of the claims within the statutory period.

MCL 600.5856 provides that statutes of limitations are tolled in any of the following circumstances:

(a) At the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules.

(b) At the time jurisdiction over the defendant is otherwise acquired.

These two subsections "allow a lawsuit to go forward notwithstanding the statute of limitations when the defendant has already received notice of the allegations against him as a result of the prior lawsuit." *Mair v Consumers Power Co*, 419 Mich 74, 83; 348 NW2d 256 (1984). Plaintiff asserts that MCL 600.5856 should apply here because it filed the supplemental complaint before the limitations period expired, and that provided all defendants with actual notice of the claims.

Plaintiff is incorrect that the supplemental complaint provided all parties with actual notice of the claims. J&K and Tremonti were not defendants in the 2017 case, and thus were not served with the supplemental complaint. The first time defendants J&K and Tremonti learned of plaintiff's claims was on May 2, 2023, when plaintiff filed its complaint in the new action. If plaintiff did, in fact, serve J&K and Tremonti, it has not provided proof of service. Because J&K and Tremonti had no actual notice of the supplemental complaint, plaintiff's new action was untimely as to these defendants. Subsection (b) of the tolling statute is also inapplicable. That provision provides that the statute of limitations is tolled "[a]t the time jurisdiction over the defendant is otherwise acquired." MCL 600.5856(b). The trial court did not acquire jurisdiction over defendants J&K and Tremonti until plaintiff filed the complaint in this case on May 2, 2023. Therefore, plaintiff cannot avail itself of the tolling statute as to these defendants.

As to defendant MHT, it appears MHT was served with the supplemental complaint because it filed a motion to strike about three weeks after the supplemental complaint was filed. The record for the 2017 case has not been provided to this Court on appeal, so proof of service has not been confirmed. But because MHT filed a motion to strike, it clearly had actual notice of plaintiff's claims in the supplemental complaint.

However, the trial court was correct in holding that the supplemental complaint was not a proper pleading under the court rules. MCR 2.118(A) discusses amended pleadings and provides in pertinent part,

(1) A party may amend a pleading once as a matter of course within 14 days after being served with a responsive pleading by an adverse party, or within 14 days after serving the pleading if it does not require a responsive pleading.

(2) Except as provided in subrule (A)(1), a party may amend a pleading only by leave of the court or by written consent of the adverse party. Leave shall be freely given when justice so requires.

MCR 2.118(E) governs supplemental pleadings and provides,

On motion of a party the court may, on reasonable notice and on just terms, permit the party to serve a supplemental pleading to state transactions or events that have happened since the date of the pleading sought to be supplemented, whether

-6-

or not the original pleading is defective in its statement of a claim for relief or a defense. The court may order the adverse party to plead, specifying the time allowed for pleading.

The supplemental complaint cannot be considered an amended complaint under subsection (A)(2) because plaintiff filed neither a motion nor a stipulation in the trial court in the previous breach of contract litigation that appeared still to be pending. It also cannot be considered a supplemental pleading under subsection (E) because plaintiff did not obtain an order granting a motion to file a supplemental pleading. Therefore, the trial court did not err in finding that the supplemental complaint was improper under the court rules as to MHT in the previous litigation.

Plaintiff also argues for the first time on appeal that the Michigan Supreme Court's Administrative Order No. 2020-3, 505 Mich cxxvii (2020), tolled the limitations period such that plaintiff's complaint was timely. On March 23, 2020, AO 2020-3 was issued which stated that,

> For all deadlines applicable to the commencement of all civil and probate case types, including but not limited to the deadline for the initial filing of a pleading under MCR 2.110 or a motion raising a defense or an objection to an initial pleading under MCR 2.116, and any statutory prerequisites to the filing of such a pleading or motion, any day that falls during the state of emergency declared by the Governor related to COVID-19 is not included for purposes of MCR 1.108(1). [*Carter v DTN Management Co*, __ Mich __, __; __ NW3d __ (2024) (Docket No. 165425); slip op at 2].

The tolling dates ran from March 10, 2020, to June 19, 2020. *Id*., slip op at 2-3. Pursuant to this administrative order, plaintiff claims that it had until July 11, 2023, to file this action, so the May 2, 2023 complaint was therefore timely.

"Michigan generally follows the raise or waive rule of appellate review." *In re Conservatorship of Murray*, 336 Mich App 234, 240; 970 NW2d 372 (2021), citing *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008). "Accordingly, for an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court." *Jawad A Shah MD, PC, v State Farm Mutual Auto Ins Co*, 324 Mich App 182, 192; 920 NW2d 148 (2018) (quotation marks and citation omitted). "[T]his Court may overlook preservation requirements if the failure to consider the issue would result in manifest injustice, if consideration is necessary for a proper determination of the case, or if the issue involves a question of law and the facts necessary for its resolution have been presented." *Id*. at 193 (citation omitted). But generally, "a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention." *Walters*, 481 Mich at 388.

Here, plaintiff concedes it did not raise the argument regarding AO 2020-3 below. This Court does not find plaintiff's arguments compelling to overlook the preservation requirement. Therefore, plaintiff has waived review of this issue.

Plaintiff argues in the alternative that equitable tolling should apply because the delay in filing was attributable to both MHT and the trial court creating confusion. MHT stated in its motion to strike the complaint that plaintiff "failed to file a motion initiating supplementary

proceedings or file a new, separate action." And the trial judge said in the hearing on the motion to dismiss that he had indicated to plaintiff in the prior case that plaintiff could file a new, separate action. Plaintiff argues this created an understandable confusion.

The fact that both MHT and the trial judge stated that the supplemental complaint was an improper vehicle to bring supplementary proceedings did not create confusion. Both were merely correctly stating the law. As discussed above, the supplemental complaint was an improper filing without a stipulation or order granting plaintiff the ability to amend its complaint. See MCR 2.118(A); MCR 2.118(E). In conclusion, equitable tolling is not appropriate here.

Affirmed.


/s/ Michael F. Gadola
/s/ Michelle M. Rick
/s/ Christopher P. Yates