**Lansing, Michigan**

# Opinion

Chief Justice:          Justices:
Robert P. Young, Jr.    Michael F. Cavanagh
                        Marilyn Kelly
                        Stephen J. Markman
                        Diane M. Hathaway
                        Mary Beth Kelly
                        Brian K. Zahra

FILED JULY 11, 2011

S T A T E   O F   M I C H I G A N

SUPREME COURT

MILLER-DAVIS COMPANY,

      Plaintiff-Appellant,

v                           No. 139666

AHRENS CONSTRUCTION, INC.,

      Defendant-Appellee,

and

MERCHANTS BONDING COMPANY

      Defendant.

BEFORE THE ENTIRE BENCH

MARILYN KELLY, J.

This case involves a dispute over a construction contract. At issue is whether the limitations period in MCL 600.5839(1) applies to an action for breach of contract. The Court of Appeals held that it does and that the statute's six-year limitations period expired before plaintiff filed its complaint, barring the suit. Accordingly, the Court of Appeals reversed the judgment of the trial court, which had awarded plaintiff damages

for breach of contract, and remanded the case for entry of a judgment in favor of defendant.[1]

Plaintiff alleges that the general statute of limitations for breach of contract actions, MCL 600.5807(8), controls its action and that it filed suit within six years of the date its action accrued. Defendant alleges that the contractor statute of repose, MCL 600.5839(1), controls plaintiff's action and that plaintiff filed it more than six years after the occupancy, use, or acceptance of the roof defendant built.[2] If defendant is correct, the suit is time-barred; if plaintiff is correct, the suit may not be time-barred.

We agree with plaintiff that MCL 600.5839(1) does not apply to actions for breach of contract. MCL 600.5807(8) is the applicable statute. The limitations period in both statutes is six years. But unlike the period in MCL 600.5839(1), which runs from "the time of occupancy of the completed improvement, use, or acceptance of the improvement," the limitations period in MCL 600.5807(8) runs from the date the "claim first accrued . . . ."

Accordingly, we reverse the judgment of the Court of Appeals. Because there is a question about the date plaintiff's action accrued, we remand the case to the Court of Appeals to resolve this issue, as well as other issues not yet considered.

---

[1] "Defendant," as used in this opinion, refers to Ahrens Construction, Inc. Plaintiff also sued Merchants Bonding Company, the surety that issued the performance bond covering the work to be performed. However, Merchants settled with plaintiff and is not a party to this appeal.

[2] MCL 600.5839 is both a statute of repose and a statute of limitations. *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 38-39; 709 NW2d 589 (2006).

## THE FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, Miller-Davis Company, was the general contractor hired to improve and construct various buildings for the YMCA Camping and Retreat Services of Battle Creek and Kalamazoo. The project included construction of a natatorium. Plaintiff contracted with defendant Ahrens Construction, Inc., to install the natatorium's roof.

A temporary certificate of occupancy was issued for the entire project on June 11, 1999. The roof was installed before that date. Soon after its installation, the YMCA noticed excessive condensation in the natatorium, so severe at times that it appeared to be "raining" in the pool area. The parties refer to this condition as the "natatorium moisture problem" (NMP).

The temperature and air pressure in the pool were adjusted. Also, defendant performed corrective work on the roof. But the NMP continued into 2003, when plaintiff's architect recommended removing the roof as the only means to determine whether defendant's improper installation caused the NMP. The architect, who eventually testified as plaintiff's expert witness, opined that rips in and missing sections of the vapor barrier and improper installation of the insulation had caused the NMP.

Defendant insisted that the NMP was the result of design defects rather than poor workmanship. After all defendant's efforts to correct the problem were unsuccessful, plaintiff declared a default. Plaintiff eventually performed the corrective work itself in the fall of 2003.

In May 2005, plaintiff sued defendant, alleging that it had breached its contract by installing a roof that did not conform to the plan's specifications. Plaintiff sought indemnification for the necessary corrective work. Its complaint did not allege that

3

defendant's work created a defective and unsafe condition, that defendant caused the NMP, or that plaintiff's damages arose from a defective and unsafe condition. Nor did it refer to defendant's express one-year guarantee or allege a breach of warranty.

Defendant sought summary disposition under MCR 2.116(C)(7), claiming that plaintiff had filed suit after expiration of the six-year period specified in the statute of repose contained in MCL 600.5839(1). The trial court denied defendant's motion without addressing the applicability of MCL 600.5839(1).[3]

The case proceeded to a bench trial. Plaintiff's theory was that defendant had constructed a defective roof and that the nature of the defect became apparent only when the roof was removed. It asserted that the NMP did not reappear after the roof was reconstructed. Defendant's defense was that design defects caused the NMP. For example, defendant claimed that the NMP arose because the roof's design allowed the vapor barrier to come into contact with cold outside air. Defendant's expert testified that once the defectively designed roof had been removed, the NMP was corrected because trapped moisture was allowed to escape. Alternatively, defendant argued that the alleged defects in the roof were caused when plaintiff removed it. In closing argument, defendant again raised the statute of repose.

The trial court ruled in favor of plaintiff. It determined that defendant was in material breach of its contract for having performed nonconforming and defective work on the roof, which required corrective measures. This resulted in damages of

---

[3] Defendant sought interlocutory leave to appeal in the Court of Appeals, which the Court denied in an unpublished order, entered March 6, 2006 (Docket No. 266936). There was no appeal in this Court.

4

$348,851.50. On the indemnity claim, the court ruled in favor of defendant because no suits had been filed against plaintiff. Hence, no indemnification was required. The court did not address the statute of repose issue.

Defendant appealed as of right, raising the statute of repose, among other defenses. Plaintiff cross-appealed the denial of its indemnity claim. The Court of Appeals agreed with defendant on the statute-of-repose issue and reversed the judgment of the trial court.[4] Because that resolution rendered moot the other issues, including the cross-appeal, the Court of Appeals declined to consider them and remanded the case for entry of a judgment for defendant.[5]

We granted plaintiff's application for leave to appeal.[6]

## THE STATUTES INVOLVED

The issue in this case is whether the statute of repose contained in MCL 600.5839(1) or the statute of limitations contained in MCL 600.5807(8) applies to plaintiff's civil action. This case also involves the interpretation and application of MCL 600.5805. The issue presents a question of law that we review de novo.[7]

MCL 600.5805 sets forth various periods of limitations for civil actions. It provides, in pertinent part:

---

[4] *Miller-Davis Co v Ahrens Constr, Inc*, 285 Mich App 289, 292; 777 NW2d 437 (2009).

[5] *Id.*

[6] *Miller-Davis Co v Ahrens Constr, Inc*, 488 Mich 875 (2010).

[7] *Boyle v Gen Motors Corp*, 468 Mich 226, 229-230; 661 NW2d 557 (2003).

5

(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or someone through whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section.

* * *

(10) The period of limitations is 3 years after the time of the death or injury for all other actions to recover damages for the death of a person, or for injury to a person or property.

* * *

(14) The period of limitations for an action against a state licensed architect, professional engineer, land surveyor, or contractor based on an improvement to real property shall be as provided in [MCL 600.5839].

MCL 600.5839 provides:

(1) No person may maintain any action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, more than 6 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement, or 1 year after the defect is discovered or should have been discovered, provided that the defect constitutes the proximate cause of the injury or damage for which the action is brought and is the result of gross negligence on the part of the contractor or licensed architect or professional engineer. However, no such action shall be maintained more than 10 years after the time of occupancy of the completed improvement, use, or acceptance of the improvement.

* * *

(4) As used in this section, "contractor" means an individual, corporation, partnership, or other business entity which makes an improvement to real property.

Plaintiff asserts that MCL 600.5839(1) does not apply to its action. Rather, it claims that the general statute of limitation for contract actions, MCL 600.5807(8),

6

applies. It provides: "The period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract."

THE SCOPE AND APPLICATION OF MCL 600.5839(1)

In order to determine the scope of MCL 600.5839(1), we consider first the overall statutory scheme involving periods of limitations for tort and contract actions contained in the Revised Judicature Act.[8] MCL 600.5805 is entitled "Injuries to persons or property."[9] It is commonly known as the general tort statute of limitations because it is "'a compilation of the limitations on the *general tort remedies*.'"[10]

Section 5805(1) requires that all actions for injury to persons or property be brought within the time periods set forth in the section. There follow 14 subsections, 12 of which clearly refer to various types of tort suits.[11] Aside from subsection (15), which defines "dating relationship," the only subsection that might be interpreted as not limited

_____

[8] See MCL 600.5805 and MCL 600.5807.

[9] This title was editorially supplied. See Michigan Compiled Laws Annotated, Preface, p III (West, 2000); MCLA 600.5805.

[10] *Sam v Balardo*, 411 Mich 405, 433; 308 NW2d 142 (1981), quoting the comment of the drafters of the Revised Judicature Act, the Joint Committee on Michigan Procedural Revision, November 15, 1959, reprinted as MCLS 600.5805, Committee Comment.

[11] Subsections (2), (3), (4), (11), and (12) set forth the periods of limitations for actions involving assault, battery, and false imprisonment. Subsection (5) deals with malicious prosecution. Subsections (6), (7), and (8) deal with malpractice, misconduct by a sheriff, and negligence by a constable. Subsection (9) applies to claims charging libel or slander. Subsection (13) involves products liability actions. And subsection (10) sets the period of limitations for "all other actions to recover damages for the death of a person, or for injury to a person or property." It is commonly known as the residual tort statute. See, e.g., *Local 1064, RWDSU AFL-CIO v Ernst & Young*, 449 Mich 322, 325; 535 NW2d 187 (1995).

7

to torts is subsection (14), pertaining to architects, engineers, land surveyors, and contractors.

Subsection (14), through reference to MCL 600.5839, uses language similar to that found throughout the remainder of section 5805, referring to "injury to property" and "bodily injury."[12]   In fact, to describe the types of injuries to which they apply, MCL 600.5805 and MCL 600.5839(1) use variations of the phrase "injuries to persons or property." That language describes tort actions.[13]   Thus, all subsections of section 5805 are geared toward tort actions.

In contrast to MCL 600.5805, the next section in the code, MCL 600.5807, sets forth the limitations periods for suits seeking damages for breaches of contract. Unlike MCL 600.5805, MCL 600.5807 contains no reference to MCL 600.5839. And no subsection of MCL 600.5807 refers to injuries to persons or property. Thus, MCL 600.5805 and MCL 600.5839 apply to tort actions, and MCL 600.5807 applies to contract actions.

The Michigan Supreme Court's decision 34 years ago in *Huhtala v Travelers Ins Co*[14] reinforces this conclusion. *Huhtala* addressed how to determine whether a claim is subject to MCL 600.5805 or MCL 600.5807. It clarified that the nature and origin of a

---

[12] MCL 600.5805(14); MCL 600.5839(1).

[13] See *Huhtala v Travelers Ins Co*, 401 Mich 118; 257 NW2d 640 (1977); see also *Fries v Holland Hitch Co*, 12 Mich App 178, 183; 162 NW2d 672 (1968) ("[MCL 600.5805 and MCL 600.5807] are generally thought of as 'tort' and 'contract' provisions respectively . . . .").

[14] *Huhtala*, 401 Mich 118.

cause of action determine which limitations period applies. MCL 600.5805, it held, is applicable to actions to recover damages for injuries to person or property, whereas MCL 600.5807 is applicable to actions to recover damages for breach of contract.[15]

Under *Huhtala*, if an action is founded on a "consensual" duty or obligation or the breach of an "express promise," the action is not for personal injury. It is an action to recover damages for breach of contract and is governed by the six-year statute of limitations in MCL 600.5807. By contrast, when an action is founded on a "non-consensual" duty or one "imposed by law," the action is generally governed by the three-year statute of limitations in MCL 600.5805.[16]

In distinguishing between tort actions and contract actions in the context of sections 5805 and 5807, *Huhtala* concluded that any "action to recover damages for injury to persons or property" is a tort action.[17] However, it did not specifically address the language of MCL 600.5839(1).

The United States Court of Appeals for the Sixth Circuit did apply the reasoning of *Huhtala* to MCL 600.5839(1) in *Garden City Osteopathic Hosp v HBE Corp*,[18] a diversity action governed by Michigan law. It held that MCL 600.5839(1) is not applicable to a claim against an engineer or contractor if the nature and origin of the claim is the breach of a contract.

---

[15] *Id.* at 124-127.

[16] *Id.* at 130-132.

[17] *Id.* at 126-127.

[18] *Garden City Osteopathic Hosp v HBE Corp*, 55 F3d 1126 (CA 6, 1995).

9

In that case, a hospital contracted with a builder and an architect for the construction of a building addition. The hospital discovered a defect in the work and sued the builder and architect for breach of contract. The federal district court granted the defendants' motion for summary disposition. It found that MCL 600.5839(1) barred the hospital's claims.[19]

The Sixth Circuit reversed that decision. It surveyed Michigan caselaw and found that the distinction outlined in *Huhtala* supplied the proper analysis for determining whether MCL 600.5839(1) applied to the hospital's breach of contract claim.[20] It pointed out that limitations periods differ depending on the type of damages sought.[21] The court then concluded that the hospital's claim was subject to the six-year statute of limitations applicable to actions to recover damages for breach of contract, MCL 600.5807(8).[22]

In arriving at this conclusion, it noted that the nature and origin of the claim was "that the defendants failed to perform the express promise to construct the improvement in conformity with the governing contract documents."[23] The court also noted that the claim did not involve a duty implied by law, but was dependent on the existence of a

---

[19] *Id.* at 1129.

[20] *Id.* at 1131-1133.

[21] For example, MCL 600.5807 governs actions to recover damages for "breach of contract." MCL 600.5805 governs actions to recover damages for "injuries to persons or property." And MCL 600.5839(1) governs actions to recover damages for "injury to property, real or personal, or for bodily injury or wrongful death arising out of the defective and unsafe condition of an improvement to real property . . . ."

[22] *Garden City Osteopathic Hosp*, 55 F3d at 1133-1136.

[23] *Id.* at 1133.

contract and contract principles.[24] We find the rationale in *Garden City Osteopathic Hosp* persuasive.

In this case, the Court of Appeals relied on *Michigan Millers Mut Ins Co v West Detroit Bldg Co*[25] for the proposition that MCL 600.5839(1) applies to contract actions.[26] In *Michigan Millers*, a contractor built a restaurant for the owner.[27] When the roof collapsed because of allegedly defective roof trusses, the owner and the insurer sued the contractor for negligence and breach of contract.[28]

Without supporting analysis, the Court of Appeals found it "clear" that the limitations period in MCL 600.5839(1) did not pertain solely to tort actions given that the statute used the language "'*any* action to recover damages for any injury to property . . . .'"[29] The Court did not address the view that the language it cited means "any tort action" because the liability for an injury to property arises from a tort; it is distinct from the liability that arises from the breach of a contractual agreement.

Rather, the Court concluded that MCL 600.5839(1) applies "to all actions brought against contractors on the basis of an improvement to real property, including those

---

[24] *Id.*

[25] *Mich Millers Mut Ins Co v West Detroit Bldg Co*, 196 Mich App 367; 494 NW2d 1 (1992).

[26] *Miller-Davis*, 285 Mich App at 305.

[27] *Mich Millers*, 196 Mich App at 369.

[28] *Id.*

[29] *Id.* at 378, quoting MCL 600.5839(1).

brought by owners for damage to the improvement itself."[30]  With this statement, the Court of Appeals erroneously expanded the scope of MCL 600.5839(1) to contract actions, although it had been asked to determine only the disposition of a negligence action.[31]  This conclusion was later cited in *Travelers Ins Co v Guardian Alarm Co of Mich*,[32] in which the Court held that the statute of repose applied to the plaintiff's breach of contract and breach of warranty claims.

The *Michigan Millers* Court turned to the statute's legislative history in an attempt to substantiate its holding.  However, the history on which it relied does not support expanding the scope of MCL 600.5839(1) beyond tort actions.  It said only that "'[t]he bill would ensure that, in future claims against engineers, architects, and contractors, . . . [they would] be protected from suits charging *malpractice* or *negligence* in building improvements . . . .'"[33]

By expanding the scope of MCL 600.5839 to contract actions, *Michigan Millers* blurred the critical distinction between third-party tort claims and contract claims

---

[30] *Mich Millers*, 196 Mich App at 378.

[31] In *Michigan Millers*, the plaintiffs acknowledged that their breach of contract claim was time-barred.  *Mich Millers*, 196 Mich App at 372 n 1.  Because of this acknowledgement, the Court of Appeals had no occasion to consider and decide whether a breach of contract claim is subject to MCL 600.5839.  The Court was called on to decide only whether the plaintiffs' negligence claim—a claim stemming from a duty imposed by law—was barred by MCL 600.5839(1).  Thus, the statement in *Michigan Millers* expanding the scope of § 5839(1) to contract actions was dictum.

[32] *Travelers Ins Co v Guardian Alarm Co of Mich*, 231 Mich App 473, 481-482; 596 NW2d 760 (1998).

[33] *Id.* at 376 (citations omitted; emphasis added).

between parties to an express contract. It expanded the applicability of the statute beyond any arguable legislative intent. Furthermore, its holding exceeded that necessary to resolve the issues involved. In sum, the Court of Appeals in this case relied on *Michigan Millers* for a proposition that is unsubstantiated. We overrule *Michigan Millers* and *Travelers Ins Co* because they are inconsistent with § 5839.

In the 1980 case of *O'Brien v Hazelet & Erdal*,[34] this Court explained the Legislature's intent in drafting MCL 600.5839:

> [This statute] was enacted in 1967 in response to then recent developments in the law of torts. The waning of the privity doctrine as a defense against suits by injured third parties and other changes in the law increased the likelihood that persons taking part in the design and construction of improvements to real property might be forced to defend against claims arising out of alleged defects in such improvements, perhaps many years after construction of the improvement was completed. The Legislature chose to limit the liability of architects and engineers in order to relieve them of the potential burden of defending claims brought long after completion of the improvement and thereby limit the impact of recent changes in the law upon the availability or cost of the services provided.

MCL 600.5839 was crafted in response to changes in tort law. A reference to it was placed in the general tort statute of limitations, MCL 600.5805. MCL 600.5839 also uses language—"injury to property" and "bodily injury or wrongful death"—that is generally associated with tort actions. The logical conclusion is that it was intended to apply to tort actions. However, no similar conclusion can be drawn with respect to its applicability to actions for breach of contract.

---

[34] *O'Brien v Hazelet & Erdal*, 410 Mich 1, 14; 299 NW2d 336 (1980).

13

In 1986, in *City of Marysville v Pate, Hirn & Bogue, Inc*,[35] the Court of Appeals again commented on the Legislature's intent in enacting MCL 600.5839:

> [T]his statute was enacted primarily to limit the engineers' and architects' exposure to litigation by injured third persons as evidenced by the legislation's timing and relation to case law. However, the Legislature never intended this statute to fix the period of limitation in which an owner of an improvement to real property must bring an action against the architect or engineer for professional malpractice committed in the planning or building of the improvement which results in deficiencies to the improvement itself. Unlike the language of other states' statutes, the words selected by Michigan's Legislature make it clear that the statute simply applies when there is an injury ". . . arising out of the defect and unsafe condition . . . ." If there is no causal connection between the defective condition and the injury, the provision does not apply. Similarly, where the suit is for deficiencies in the improvement itself, the injury is the defective condition, hence, the injury does not "arise out of" the defective condition, but, rather, it is the condition. Therefore, claims for deficiencies in the improvement itself do not come within the scope of this special statute of limitation.

We agree that the language of the provision strongly supports the conclusion that MCL 600.5839 does not apply to a breach of contract claim for a defect in a building improvement. We conclude that the Legislature intended the provision to be limited to actions in tort. Thus, it does not apply to a claim against an engineer or contractor for a defect in an improvement when the nature and origin of the claim is the breach of a contract.

In this case, the complaint alleged two counts against the construction company: (1) breach of contract for installing a roof that did not conform to plan specifications and

---

[35] *City of Marysville v Pate, Hirn & Bogue, Inc*, 154 Mich App 655, 660; 397 NW2d 859 (1986).

14

(2) indemnity for the corrective work plaintiff had to perform. Neither claim fits within the language of MCL 600.5839(1).[36]

There was no allegation that the roof deck system caused any "injury to property" or "bodily injury or wrongful death."[37] Nor was there any allegation of a "defective and unsafe condition."[38] Rather, plaintiff claimed that, because defendant failed to build the roof to the agreed-upon specifications, plaintiff was forced to expend money repairing it. Thus, the damages involved in this case were not to plaintiff's person or property, but rather to its financial expectations.

A claim for damages for deficiencies in an improvement is not an "action to recover damages for any injury to property . . . or for bodily injury or wrongful death . . . ."[39] It is a suit for breach of contract.[40] Here, there was a contract. Plaintiff did not rely on a duty implied in law, but solely on the terms of the contract. Thus, defendant's obligation to plaintiff arose out of the contract. Because plaintiff claimed that defendant breached the contract that defendant and plaintiff entered into, the six-year period of limitations for contract actions, MCL 600.5807(8), applies in this case.

---

[36] A third count, involving the surety's liability, is no longer at issue.

[37] See MCL 600.5839(1).

[38] See *id.*

[39] MCL 600.5839.

[40] *Marysville*, 154 Mich App at 660; see also *Burrows v Bidigare/Bublys, Inc*, 158 Mich App 175, 182; 404 NW2d 650 (1987).

15

Because MCL 600.5839(1) does not apply to actions for breach of contract, it did not bar plaintiff's claims. Accordingly, the Court of Appeals erred by concluding that plaintiff's contract action was barred by MCL 600.5839(1).

CONCLUSION

MCL 600.5839(1) applies to actions for "injury to property" or "bodily injury or wrongful death," which are commonly viewed as tort actions. There is a reference to MCL 600.5839 in the statute of limitations covering tort actions, MCL 600.5805, but there is no similar reference to MCL 600.5839 in the statute of limitations covering contract actions, MCL 600.5807. Thus, the statutory language and the overall statutory scheme lead to the conclusion that MCL 600.5839 is limited to tort actions. This view is supported by *Huhtala* and *Garden City Osteopathic Hosp*. While *Michigan Millers* reached the opposite conclusion, it did so in dictum, and it misconstrued the legislative history. We overrule *Michigan Millers* and *Travelers Ins Co*, which relied on it.

We hold that MCL 600.5839(1) is limited to tort actions. It does not apply to breach of contract actions. The Court of Appeals erred by concluding that plaintiff's contract action was barred by MCL 600.5839(1). Accordingly, we remand this case to the Court of Appeals for application of MCL 600.5807(8) and, if necessary, for consideration of the remaining issues raised in the appeal and cross-appeal.

Marilyn Kelly
Robert P. Young, Jr.
Michael F. Cavanagh
Stephen J. Markman
Diane M. Hathaway
Mary Beth Kelly
Brian K. Zahra

16