# STATE OF MICHIGAN

# COURT OF APPEALS

WHITE CLOUD PUBLIC SCHOOLS,

       Plaintiff-Appellant,

v

ORCHARD, HILTZ, & McCLIMENT, INC.,
MICHAEL THOMAS DREWYOR, P.E.,
FRANCIS JOSEPH RUTZ, A.I.A., and
SKILLMAN CORPORATION,

       Defendants/Cross-Plaintiffs,

and

SOBIE COMPANY, INC., MUSKEGON
QUALITY BUILDERS, INC., BUILDER'S
IRON, INC., and SUGAR CONSTRUCTION,
INC.,

       Defendants/Cross-Defendants,

and

BRI-CAR ROOFING & SHEET METAL, INC.,

       Defendant/Cross-Defendant-
       Appellee.

UNPUBLISHED
December 2, 2014

No. 315013
Newaygo Circuit Court
LC No. 10-019538-NM

Before: SHAPIRO, P.J., and WHITBECK and STEPHENS, JJ.

PER CURIAM.

      Plaintiff, White Cloud Public Schools (White Cloud) appeals as of right the trial court's order granting the renewed motion for summary disposition of defendant, Bri-Car Roofing & Sheet Metal, Inc. (Bri-Car), under MCR 2.116(C)(7). The trial court granted the motion after a

-1-

complicated procedural history, which included a jury verdict in favor of the school and the trial court's decision to grant White Cloud a new trial on the issue of damages. We affirm.

## I. FACTS

## A. BACKGROUND FACTS

In 2001, White Cloud began the process of renovating its existing middle school. The project called for constructing a new roof pitched structure over the school's existing flat roof to house six air conditioning units. On October 6, 2003, White Cloud contracted with Bri-Car to provide roofing services, materials, and supplies.

On March 25, 2004, architect Francis Rutz issued a certificate of substantial completion. The certificate indicates that the "date of substantial completion . . . is hereby established as February 1, 2004." On April 14, 2009, the middle school's roof structure collapsed.

On March 17, 2010, White Cloud sued Bri-Car and other defendants who performed work on the school under theories of negligence, gross negligence, breach of contract, and breach of warranties. White Cloud alleged that Bri-Car had not properly attached the roof shingles to the roof decking because Bri-Car's roofing nails did not penetrate the roof's steel support purlins. According to White Cloud, Bri-Car's roofing nails did not penetrate the purlins and "either bent or were rejected," which resulted in a large number of water-permeable holes in the roof deck. White Cloud alleged that the roof design should have included wooden "sleepers" into which the roofing nails would solidly attach. White Cloud also alleged that the loud, unusual sound of roofing nails striking the purlins should have alerted the contractor that the roof was defectively designed.

## B. BRI-CAR'S MOTION FOR SUMMARY DISPOSITION

On June 1, 2010, Bri-Car moved for summary disposition under MCR 2.116(C)(7), alleging that the 6-year statute of repose barred White Cloud's claims. On October 24, 2011, Bri-Car filed a supplemental motion, contending that the statute of limitations also barred White Cloud's claims. The trial court denied Bri-Car's motions. The trial court reasoned in part that the architect issued the Certificate of Substantial completion on March 19, 2005. Accordingly, the trial court concluded that White Cloud's March 17, 2010 claim was timely.

## C. TRIAL TESTIMONY

At trial, Charles Christenson, White Cloud's facilities manager, testified that he was in the middle school's attic between 20 and 30 times. Christenson testified that he received complaints that the roof leaked, but that he thought that the moisture in the attic was due to condensation from the air conditioning units. Barry Seabrook, White Cloud's superintendent, testified that he occasionally saw water pooling on the flat roof near the air conditioning units.

John Ernst, a civil and structural engineer, testified that, given the spacing of the purlins, 40% of the roofing nails would have hit the purlins. Ernst found many "nail pops," or areas where water can penetrate through the nail tracks into the roof system, in the roof. Ernst removed three nails from the roof, and found that the nails were buckled from hitting the purlins.

Cory Wheeler, a Bri-Car employee, testified that he would be able to feel it if a nail in his nail gun hit a purlin, and that there would be an echo noise. Wheeler testified that he only heard the noise once or twice a day, and that he would pull the nail out and drive another in. David Reed, another Bri-Car employee, testified that if his nails hit purlins, he would have moved his nails up a little so that they would seat in the plywood decking. Wheeler testified that he would have felt nail pops when he was checking the roof for nail pops at the end of each day. However, on cross-examination, Wheeler testified that he may not have felt the nail pops if the nails had only popped 1/16 or 1/32 of an inch.

Anthony Esson, an architect expert, testified that the entire roof needed to be torn off and fixed. Esson testified that removing only the bad shingles would not correct the problems with the roof. James Teahan, a professional engineer, estimated that roof repairs would cost $220,561.

A jury found that Bri-Car breached its contract and was 10% negligent in shingling the roof. The jury awarded White Cloud $45,000 in damages.

## D. POST-TRIAL PROCEEDINGS

On May 7, 2012, Bri-Car appealed the jury's verdict to this Court. On May 10, 2012, White Cloud moved the trial court for additur or a new trial on damages. On June 4, 2012, the trial court granted White Cloud's motion for additur or a new trial, concluding that the jury's award of $45,000 was grossly inadequate to remedy the damages shown by the evidence. The trial court awarded White Cloud a new trial on damages in the event that Bri-Car rejected additur.

Bri-Car rejected additur. On September 11, 2012, this Court dismissed Bri-Car's pending appeal for lack of prosecution. On September 21, 2012, Bri-Car filed a renewed motion for summary disposition in the trial court, arguing that the statute of limitations barred White Cloud's breach of contract claim. Bri-Car relied in part on *Miller-Davis Co v Ahrens Constr, Inc*,[1] which applied the six-year statute of limitations to a similar construction contract. Bri-Car also contended that White Cloud failed to state a claim for negligence because Bri-Car did not owe White Cloud any duties independent of the parties' contract.

This Court reinstated Bri-Car's appeal on October 31, 2012. On December 10, 2012, the trial court granted Bri-Car's motion for summary disposition. The trial court noted that, because it had granted a new trial on damages, judgment had not been entered on White Cloud's claim and summary disposition was available. The trial court found that *Miller-Davis Co* applied and MCL 600.5807(8) provided a six-year statute of limitations.

The trial court concluded that the six-year statute of limitations barred White Cloud's claim. The trial court reasoned in that

---

[1] *Miller-Davis Co v Ahrens Constr, Inc (Miller-Davis I)*, 489 Mich 355; 802 NW2d 33 (2011).

[t]he date of substantial completion was established as February 1, 2004, and this date appears to accurately reflect the actual date by which Bri-Car's work was substantially complete. The parties' contract expressly provides that the limitations period starts no later than the date of substantial completion. As a result, [White Cloud] did not file its claim within the six-year limit . . . .

The trial court rejected White Cloud's argument that Bri-Car had fraudulently concealed the roofing problem, and it declined to toll the statute of limitations.

The trial court also granted summary disposition on White Cloud's negligence claim. The trial court determined that the substance of White Cloud's claim was based on the parties' contract. It also determined that Bri-Car did not have any duties to White Cloud outside the parties' contract. Accordingly, the trial court granted summary disposition because White Cloud's negligence claim was not based on a separate, distinct duty from its contractual claim.

On February 6, 2013, Bri-Car moved to dismiss its pending appeal as moot. This Court dismissed Bri-Car's appeal because "subsequent developments in the trial court . . . have rendered it impossible for this Court to grant relief as to the issues raised in the appeal and cross appeal which are predicated on [White Cloud] having prevailed as to liability in the trial court."[2]

## II. THE TRIAL COURT'S ABILITY TO GRANT SUMMARY DISPOSITION

### A. STANDARD OF REVIEW

This Court reviews de novo questions of law.[3] We also review de novo the interpretation and application of court rules.[4]

### B. LEGAL STANDARDS

A party may move to dismiss all or part of a claim in compliance with MCR 2.116.[5] MCR 2.116(G)(1) provides that MCR 2.119 also applies to motions for summary disposition. MCR 2.119(A) provides in pertinent part that "[a]n application to the court for an order in a *pending action* must be by motion[.]"[6] A suit "is 'pending' from its inception until the rendition

---

[2] *White Cloud Pub Sch v Orchard, Hiltz, & McCliment, Inc*, unpublished order of the Court of Appeals, entered March 19, 2013 (Docket No. 310207).

[3] *Miller-Davis Co v Ahrens Constr, Inc (Miller-Davis II)*, 495 Mich 161, 172; 848 NW2d 95 (2014).

[4] *Id*.

[5] MCR 2.116(B).

[6] Emphasis added.

of final judgment."[7]  In a civil case, final judgment is the "first judgment or order that disposes of all the claims and adjudicates the rights and liabilities of all the parties, including such an order entered after reversal of an earlier final judgment or order."[8]

## C.  APPLYING THE STANDARDS

White Cloud contends that the trial court improperly granted Bri-Car's motion for summary disposition because no action was pending.  We disagree.

White Cloud bases its assertion on the judgment that the trial court entered on April 20, 2012, after the jury's verdict.  However, White Cloud's argument ignores the case's subsequent procedural history.  White Cloud moved the trial court for additur or a new trial.  The trial court granted White Cloud's motion, vacated the first judgment, and set a new trial on damages.  After the trial court granted a new trial on damages, Bri-Car renewed its motion for summary disposition on statute-of-limitations grounds, which it had properly raised in its first responsive pleading.

When the trial court granted summary disposition, there was no final judgment between the parties.  Thus, the trial court vacated its original judgment.  An action is pending until there is a final judgment in the case disposing of *all* the parties' claims.  When the trial court granted Bri-Car's motion for summary disposition, the parties had active claims concerning damages. Therefore, we conclude that the parties' action was pending when the trial court granted Bri-Car's motion for summary disposition.

## III.  SUMMARY DISPOSITION ON THE SCHOOL'S CONTRACTUAL CLAIM

## A.  STANDARD OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition under MCR 2.116(C)(7).[9]  We review de novo whether a statute of limitations bars a claim.[10]  This Court also reviews de novo questions of law,[11] including whether it is proper to apply a judicial holding retroactively.[12]

---

[7] *Grievance Administrator v Fieger*, 476 Mich 231, 249; 719 NW2d 123 (2006), quoting *Black's Law Dictionary* (6th ed) (quotation marks omitted).

[8] MCR 7.202(6)(a)(*i*).

[9] *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008).

[10] *Miller-Davis I*, 489 Mich at 361; *Scherer v Hellstrom*, 270 Mich App 458, 461; 716 NW2d 307 (2006).

[11] *Miller-Davis II*, 495 Mich at 172.

[12] *Farley v Advanced Cardiovascular Health Specialists, PC*, 266 Mich App 566, 570; 703 NW2d 115 (2005).

## B. LEGAL STANDARDS

A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law.[13] The moving party may support its motion with affidavits, depositions, admissions, or other documentary evidence that would be admissible at trial.[14] We consider the contents of the plaintiff's complaint to be true unless the documentary evidence contradicts them.[15] If reasonable minds could not differ on the legal effects of the facts, whether the statute of limitations bars a plaintiff's claim is a question of law.[16]

## C. RETROACTIVE APPLICATION OF *MILLER-DAVIS I*

White Cloud contends that the trial court erred when it applied *Miller-Davis I* to its claim because courts should only apply *Miller-Davis I* prospectively. We disagree.

Courts give judicial decisions full retroactive effect unless doing so would cause an injustice.[17] If a holding overrules settled precedent, courts may properly limit it to prospective application.[18] The threshold question is whether the judicial decision clearly established a new principle of law.[19]

In *Miller-Davis I*, the Michigan Supreme Court addressed whether MCL 600.5839(1)'s statute of repose or MCL 600.5807(8)'s statute of limitations applied to a plaintiff's breach of construction contract claim.[20] The Court noted that MCL 600.5807 set forth the limitations period for suits seeking damages for breach of contract, but it did not refer to MCL 600.5805 or MCL 600.5839.[21] MCL 600.5839 concerns "injuries to person or property" and generally applies to tort actions.[22]

The Court noted that its prior decision in *Huhtala v Travelers Ins Co*[23] reinforced its conclusion.[24] In *Huhtala*, the Michigan Supreme Court held that MCL 600.5805 applies to tort

---

[13] *Odom*, 482 Mich at 466.

[14] *Id.*; MCR 2.116(G)(5), (6).

[15] *Odom*, 482 Mich at 466.

[16] *Moll v Abbott Laboratories*, 444 Mich 1, 5-6; 506 NW2d 816 (1993).

[17] *Pohutski v City of Allen Park*, 465 Mich 675, 695-696; 641 NW2d 219 (2002).

[18] *Id.* at 696.

[19] *Id.*

[20] *Miller-Davis I*, 489 Mich at 361.

[21] *Id.* at 363.

[22] *Id.*

[23] *Huhtala v Travelers Ins Co*, 401 Mich 118; 257 NW2d 640 (1977).

actions and MCL 600.5807 applies to breach of contract actions.[25] *Huhtala* "did not specifically address the language of MCL 600.5839(1)."[26] But the United States Court of Appeals for the Sixth Circuit applied *Huhtala* to conclude that MCL 600.5839(1) does not apply to breach of contract claims involving construction contracts.[27]

The *Miller-Davis I* Court also expressly overruled prior decisions of this Court that relied on dicta *Michigan Millers*,[28] because *Michigan Millers* erroneously expanded the scope of MCL 600.5839(1).[29] The Michigan Supreme Court overruled *Michigan Millers* and cases relying on it because they were inconsistent with the statutory language.[30]

We reject White Cloud's assertion that *Miller-Davis I* overruled precedent established in 1992. As clearly explained by the Michigan Supreme Court in *Miller-Davis I*, the statement in *Mich Millers* was dicta.[31] Dictum is not binding precedent.[32] At best, the precedent on which White Cloud relies was established in 1998, when this court in *Travelers Ins Co v Guardian Alarm Co of Michigan* relied on the language in *Michigan Millers* to hold that MCL 600.5839(1)'s statute of repose applied to a plaintiff's breach of contract claim.[33] However, this precedent was not "settled" because a federal court, applying Michigan law, had previously reached an opposite conclusion. More importantly, *Michigan Millers* was contrary to precedent established by the Michigan Supreme Court, making *Miller-Davis I* a reversion to previous precedent, not an establishment of new precedent.

We conclude that *Miller-Davis I* did not clearly establish a new principle of law. Accordingly, the trial court properly applied *Miller-Davis I* retroactively.

---

[24] *Miller-Davis I*, 489 Mich at 364.

[25] *Huhtala*, 401 Mich at 124-127. See also *Miller-Davis I*, 489 Mich at 364 (discussing *Huhtala*'s holding).

[26] *Miller-Davis I*, 489 Mich at 365.

[27] *Id*.; see *Garden City Osteopathic Hosp v HBE Corp*, 55 F2d 1126 (CA 6, 1995).

[28] *Mich Millers Mut Ins Co v West Detroit Bldg Co, Inc*, 196 Mich App 367; 494 NW2d 1 (1992).

[29] *Miller-Davis I*, 489 Mich at 367.

[30] *Id*. at 368.

[31] See *id*. at 367 n 31.

[32] *McNeil v Charlevoix Co*, 275 Mich App 686, 702; 741 NW2d 27 (2007).

[33] See *Travelers Ins Co v Guardian Alarm Co of Mich*, 231 Mich App 473, 481-482; 586 NW2d 760 (1998).

D.  *MILLER-DAVIS I*'S APPLICATION TO WHITE CLOUD'S COMPLAINT

White Cloud contends that the trial court erred by (1) applying MCL 600.5807(8) to its complaint and (2) engaging in fact-finding to support its decision to grant summary disposition. We disagree.

A party must bring a breach of contract claim within six years from when the claim accrues.[34]  A claim accrues "when the promisor fails to perform under the contract."[35]  Separate breaches of a contract accrue at separate times.[36]

The parties may contractually alter a limitations period.[37]  The goal of contractual interpretation is to honor the parties' intent.[38]  The language of the contract determines the parties' intent.[39]  If contractual language is unambiguous, we must interpret and enforce the contract as written.[40]

Here, the parties' contract provides that the date of substantial completion is the latest point at which the statute of limitations begins to run:

> As to acts or failures to act occurring prior to the relevant date of Substantial Completion, any applicable statute of limitations shall commence to run and any alleged cause of action shall be deemed to have accrued not later than such date of Substantial Completion.

The parties' contract defines substantial completion as

> the stage in the progress of the Work when the Work or the designated portion thereof is sufficiently complete in accordance with the Contract Documents  . . . .

The parties' contract also provides that the certificate of substantial completion establishes the date of substantial completion.

> When the work or designated portion thereof is substantially complete, the Architect will prepare a Certificate of Substantial Completion, which shall establish the date of Substantial Completion, . . . .

---

[34] MCL 600.5807(8); *Miller-Davis I*, 489 Mich at 358, 371.

[35] *Miller-Davis II*, 495 Mich at 180 (quotation marks and citation omitted).

[36] *Id*. at 184

[37] *Rory v Continental Ins Co*, 473 Mich 457, 471; 703 NW2d 23 (2005).

[38] *Miller-Davis II*, 495 Mich at 184

[39] *Id*.

[40] *Id*.

White Cloud asserts that the trial court should have determined that the statute of limitations began to accrue on March 17, 2004, the date when the architect signed the certificate of substantial completion. We disagree because White Cloud's contention is contrary to the plain language of the parties' contract. Courts will not undermine the parties' freedom to contract by altering unambiguous contractual language.[41] As established above, the parties' contract provides that the architect's certificate establishes the date of substantial completion; the contract does not provide that the date of *signing* the certificate establishes substantial completion.

Here, the parties' contract provides that the architect's certificate of substantial completion establishes the date of substantial completion. The certificate of substantial completion states that Bri-Car's work was substantially complete on February 1, 2004. The parties' contract provides that the statute of limitations begins to accrue *not later* than the date of substantial completion. Accordingly, pursuant to the plain language of the contract, the statute of limitations commenced to run *not later* than February 1, 2004.

White Cloud filed suit on March 17, 2010. The six-year limitations period began to accrue on February 1, 2004, at the latest. White Cloud filed suit more than six years after the limitations period began to accrue. Therefore, we conclude that the trial court properly determined that White Cloud did not timely file its complaint.

Further, the trial court did not need to make factual findings to reach this conclusion because reasonable minds could not differ concerning the legal effect of the facts. The trial court only needed to review the parties' contract and the documentary evidence to conclude that the limitations period began to accrue more than six years before White Cloud filed its complaint. Therefore, we also reject White Cloud's contention that the trial court engaged in impermissible fact-finding when deciding Bri-Car's motion for summary disposition.

### E. TOLLING FOR FRAUDULENT CONCEALMENT

White Cloud contends that the trial court erred when it rejected White Cloud's claim that Bri-Car's fraudulent concealment of the roof defects tolled the statute of limitations. We disagree.

MCL 600.5855 provides that the statute of limitations is tolled if "a person who is or may be liable for a claim fraudulently conceals the existence of the claim . . . ." When this section applies,

> the action may be commenced at any time within 2 years after the person who is entitled to bring the action discovers, or should have discovered, the existence of

---

[41] See *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 372-373; 817 NW2d 504 (2012).

the claim or the identity of the person who is liable for the claim, although the action would otherwise be barred by the period of limitations.[42]

Here, White Cloud contended that Bri-Car knowingly failed to report obvious design and construction errors and told the architect that their work was substantially complete, despite knowing about the defects. The trial court considered that trial testimony showed that White Cloud's personnel were in the attic at least twice a year. The trial court reasoned that "[t]his activity would appear to create a reasonable opportunity to discover evidence of a roof leaking like a sieve for five years before it partially collapsed in 2009." The trial court thus concluded that White Cloud could not show that Bri-Car fraudulently concealed the roofing problem.

To the extent that the trial court relied on the parties' trial testimony and weighed the facts when deciding Bri-Car's motion, we agree the trial court erred. The trial court may not find facts when ruling on a motion for summary disposition.[43] However, we conclude that this error was harmless.

This Court will not vacate or modify a judgment unless failing to do so would be inconsistent with substantial justice.[44] To plead fraudulent concealment, a plaintiff must plead affirmative actions on the part of the defendant that "show that the defendant engaged in some arrangement or contrivance of an affirmative character designed to prevent subsequent discovery."[45] Absent a fiduciary relationship between the parties, a defendant's mere silence does not constitute fraudulent concealment.[46]

White Cloud contended in their complaint that Bri-Car failed to report obvious construction defects and signed the certificate of substantial completion despite knowing that the roof was defectively designed. We conclude that Bri-Car's alleged actions do not amount to affirmative action to conceal the roof's defective condition. There is no evidence that White Cloud and Bri-Car had a fiduciary relationship, such that Bri-Car had an affirmative duty to disclose. At best, Bri-Car's actions amount to silence when Bri-Car had a contractual obligation to speak up.

Accordingly, we conclude that the trial court properly concluded that fraudulent concealment did not toll the statute of limitations in this case, though the trial court did so for the wrong reason.

---

[42] MCL 600.5855.

[43] *In re Peterson Estate*, 193 Mich App 257, 261; 483 NW2d 624 (1993).

[44] MCR 2.613(A). See also *Chastain v Gen Motors Corp (On Remand)*, 254 Mich App 576, 586; 657 NW2d 804 (2002).

[45] *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 264 Mich App 632, 642; 692 NW2d 398 (2004) (quotation marks and citation omitted).

[46] *Brownell v Garber*, 199 Mich App 519, 527; 503 NW2d 81 (1993); *Doe*, 264 Mich App at 645.

IV.  SUMMARY DISPOSITION ON THE SCHOOL'S NEGLIGENCE CLAIM

A.  STANDARD OF REVIEW

This Court reviews de novo a trial court's ruling on a motion for summary disposition.[47] A party may move for summary disposition under MCR 2.116(C)(8) if the opposing party has failed to state a claim on which relief can be granted.  "A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery."[48]  This Court reviews de novo questions of law, including whether a defendant owes a plaintiff a duty.[49]

B.  LEGAL STANDARDS

To prove negligence, a plaintiff must show that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, (3) the plaintiff was injured, and (4) the defendant's breach caused the plaintiff's injury.[50]  A defendant is not liable to the plaintiff if the defendant does not owe the plaintiff a duty of care.[51]

A plaintiff may only sue a defendant in tort if the plaintiff alleges a duty that is separate and distinct from a duty that the parties' contractual relationship imposes.[52]  Such duties can arise from statues, pre-existing tort principles, the parties' special relationship, or the common-law duty to use due care.[53]  For instance, a contractor has a separate duty "not to unreasonably endanger the well-being of employees of either subcontractors or inspectors, or anyone else lawfully on the site of the project."[54]

C.  APPLYING THE STANDARDS

White Cloud contends that the trial court erred when it dismissed its negligence claim because Bri-Car owed White Cloud separate duties of skill and care.  We disagree.

White Cloud relies on a contractor's separate duty to use reasonable skill and care while performing his or her work.[55]  Here, White Cloud contended that Bri-Car had a duty to "conduct

---

[47] *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[48] *Wilson v King*, 298 Mich App 378, 381; 827 NW2d 203 (2012).

[49] *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

[50] *Henry v Dow Chemical Co*, 473 Mich 63, 71-72; 701 NW2d 684 (2005).

[51] *Beaty v Hertzberg & Golden, PC*, 456 Mich 247, 262; 571 NW2d 716 (1997).

[52] *Id.*; *Fultz v Union-Commerce Assoc*, 470 Mich 460, 467; 683 NW2d 587 (2004).

[53] *Loweke*, 489 Mich at 170.

[54] *Id.* at 169-170 (quotation marks and citations omitted).

[55] *Id.* at 169; see *Clark v Dalman*, 379 Mich 251; 150 NW2d 755 (1967).

[its] contractually assigned scope of the Project with reasonable care" and that Bri-Car breached its duties to White Cloud by (1) "[d]riving shingled nails directly over underlying steel support structures, causing numerous nail pops and resultant roof leaks," and (2) [f]raudulently claiming that its work was complete with full knowledge of the construction and/or design defects."

White Cloud did not allege that Bri-Car had independent, common-law duties of reasonable care that Bri-Car breached. Rather, in its negligence count, White Cloud contended that Bri-Car's duty was to use reasonable care when completing the contract. Accordingly, the trial court did not err when it determined that White Cloud did not allege that Bri-Car had a duty separate and distinct from the contract.

## V. CONCLUSION

We conclude that the trial court did not err when it applied *Miller-Davis I* to White Cloud's case and granted summary disposition to Bri-Car on the basis that White Cloud did not file its suit within the six-year limitations period of MCL 600.5807(8). We also conclude that the trial court did not err when it granted summary disposition on White Cloud's negligence claims. Because we affirm, we do not reach White Cloud's issue regarding attorney fees, which is premised on this Court reversing the trial court's grant of summary disposition.

We affirm.

/s/ Douglas B. Shapiro
/s/ William C. Whitbeck
/s/ Cynthia Diane Stephens

-12-