# STATE OF MICHIGAN

# COURT OF APPEALS

ROSE SFRAGA and LORENZO SFRAGA,

       Plaintiffs,

v

SANCTUARY AT FRASER VILLA, also known as TRINITY CONTINUING CARE SERVICES,

       Defendant/Third-Party Plaintiff-Cross-Plaintiff-Appellant,

and

MATTHEW SEENA, TUPPER DOOR & HARDWARE, INC., CENTURY INTERIORS, INC., B & B CERAMIC TILE & MARBLE, and THE MONAHAN CO.,

       Defendants,

and

EDMUND LONDON & ASSOCIATES, INC.,

       Third-Party Defendant,

and

MONAHAN DEVELOPMENT CORP.,

       Cross-Defendant-Appellee.

UNPUBLISHED
December 18, 2018

No.   340241
Macomb Circuit Court
LC No.   2015-004082-NO

Before:  CAVANAGH, P.J., and SERVITTO and CAMERON, JJ.

PER CURIAM.

Cross-plaintiff-appellant, Trinity Continuing Care Services, appeals by right the trial court's order granting summary disposition under MCR 2.116(C)(7) in favor of cross-defendant-

-1-

appellee, Monahan Development Corp. The trial court held that Trinity's cross-claim, which seeks indemnification for damages arising from plaintiffs' action for injuries allegedly sustained at Trinity's facility, Sanctuary at Fraser Villa, was barred by the six-year limitations period set forth in MCL 600.5839(1)(a). We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

Trinity and Monahan entered into a construction contract in 2008. Monahan was to construct an expansion to the Sanctuary at Fraser Villa. The expansion project included work on doorway thresholds. The contract contained an indemnification clause in which Monahan agreed to indemnify Trinity for any claims arising out of Monahan's construction work.

On November 16, 2015, plaintiff Rose Sfraga filed an action against Trinity, alleging that she sustained injuries while in rehabilitation at Sanctuary at Fraser Villa when her wheelchair struck a doorway threshold, causing her to fall out of the wheelchair. Sfraga later added Monahan as a defendant, alleging that Monahan, in its construction of the expansion to Sanctuary at Fraser Villa, disregarded "safety guidelines and procedures in place within the industry standard . . . which resulted in the improper placement and installation of a marble threshold at the doorway of the bathroom."

Trinity filed a cross-claim against Monahan on December 19, 2016, seeking indemnification according to the construction contract's indemnification clause. Monahan filed a motion for summary disposition, arguing that the claim was barred under the six-year limitations period set forth in MCL 600.5839. Monahan maintained that the six-year period began to run at "the time of occupancy of the completed improvement, use or acceptance of the improvement," MCL 600.5839(1)(a), which, it argued, occurred on November 2, 2009, when Trinity and the architect on the construction project signed off on the "punch list" and did not list any deficiencies. Alternatively, Monahan argued that, at the latest, the claim accrued on July 13, 2010, when the city of Fraser issued a certificate of occupancy for the improved premises. Trinity, on the other hand, argued that MCL 600.5839 was inapplicable and that the general six-year limitations period for contract actions, MCL 600.5807(9),[1] applied instead. The trial court agreed with Monahan and granted summary disposition in its favor, holding that Trinity's action was time-barred under MCL 600.5839.

---

[1] At the time of the trial court proceedings, this provision was contained in MCL 600.5807(8). MCL 600.5807 was amended, effective May 7, 2018, by 2018 PA 15, and former subsection (8) was renumbered as subsection (9); however, the provision as amended is substantially similar to the pre-amended version.

## II. ANALYSIS

### A. STANDARD OF REVIEW

"This Court reviews de novo a trial court's decision on a motion for summary disposition, as well as questions of statutory interpretation . . . ." *Dextrom v Wexford Co*, 287 Mich App 406, 416; 789 NW2d 211 (2010).

> In reviewing a motion under MCR 2.116(C)(7), this Court accepts as true the plaintiff's well-pleaded allegations, construing them in the plaintiff's favor. We must consider affidavits, pleadings, depositions, admissions, and documentary evidence filed or submitted by the parties when determining whether a genuine issue of material fact exists. [*Hanley v Mazda Motor Corp*, 239 Mich App 596, 600; 609 NW2d 203 (2000) (internal citation omitted).]

### B. DISCUSSION

The trial court held that, under *McGee v City of Warren*, 490 Mich 1000; 807 NW2d 315 (2012), MCL 600.5839 applied to Trinity's action because it sought indemnity for damages arising from a tortious injury. Trinity argues that the applicable statute of limitations is MCL 600.5807(9), and that our Supreme Court's decisions in *Miller-Davis Co v Ahrens Constr, Inc*, 489 Mich 355; 802 NW2d 33 (2011) (*Miller-Davis I*), and *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161; 848 NW2d 95 (2014) (*Miller-Davis II*), compel a ruling in its favor.

MCL 600.5839 states, in pertinent part:

> (1) A person shall not maintain an action to recover damages for injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective or unsafe condition of an improvement to real property, or an action for contribution or indemnity for damages sustained as a result of such injury, against any state licensed architect or professional engineer performing or furnishing the design or supervision of construction of the improvement, or against any contractor making the improvement, unless the action is commenced within either of the following periods:

> (a) Six years after the time of occupancy of the completed improvement, use, or acceptance of the improvement. [MCL 600.5839(1)(a).]

"MCL 600.5839 is both a statute of repose and a statute of limitations." *Miller-Davis I*, 489 Mich at 358 n 2.

MCL 600.5807 states, in pertinent part:

> (1) A person may not bring or maintain an action to recover damages or money due for breach of contract or to enforce the specific performance of a contract unless, after the claim first accrued to the person or to someone through

whom the person claims, the person commences the action within the applicable period prescribed by this section.

\* \* \*

(9) The period of limitations is 6 years for an action to recover damages or money due for breach of contract that is not described in subsections (2) to (8). [MCL 600.5807(1) and (9).]

Our Supreme Court interpreted these provisions in two decisions rendered in the same case. In *Miller-Davis I*, our Supreme Court held that MCL 600.5839 did not apply to breach-of-contract actions; rather, MCL 600.5807 applied. *Id*. at 358. It further held that MCL 600.5839 applied, instead, to actions in tort. *Id*. at 370. The Court concluded that MCL 600.5839 "does not apply to a claim against an engineer or contractor for a defect in an improvement when the nature and origin of the claim is the breach of a contract." *Id*.

As Trinity correctly argues, *Miller-Davis I* held that MCL 600.5839 applied to tort actions while MCL 600.5807 applied to breach-of-contract claims. However, Trinity incorrectly seeks to apply this holding to this indemnification action. The *Miller-Davis I* Court concluded that "the language of the provision strongly supports the conclusion that MCL 600.5839 does not apply to a breach of contract claim *for a defect in a building improvement*" and "does not apply to a claim against an engineer or contractor for a defect in an improvement *when the nature and origin of the claim is the breach of a contract*." *Id*. at 370 (emphasis added). *Miller-Davis I* holds, therefore, that MCL 600.5839 does not apply when a claim's *origin* is a breach of contract, e.g., defective construction. For such claims, MCL 600.5807 applies.

Moreover, when examining the facts of *Miller-Davis I*, it is clear that its holding is inapplicable to Trinity's claim. In *Miller-Davis I*, the plaintiff and the defendant had contracted for the defendant to install a roof over a natatorium. *Id*. at 358. After installation, the natatorium experienced severe condensation and the defendant's efforts to correct the problem were unsuccessful. *Id*. at 359. The plaintiff subsequently completed its own corrective work on the roof. *Id*. The plaintiff then sued the defendant for both breach of contract and indemnification, seeking damages for the costs incurred for correcting the roof. *Id*. The plaintiff's "complaint did not allege that defendant's work created a defective and unsafe condition, that defendant caused the [defect], or that plaintiff's damages arose from a defective and unsafe condition." *Id*. There were no third parties that had been injured from the defective roof that had sued the plaintiff, and the plaintiff was not seeking indemnification for such lawsuits.

This is factually distinguishable from the present case. The present case involved an allegedly defective condition, i.e., the threshold in the bathroom doorway constructed by Monahan that led to Sfraga's injuries. Sfraga sued Trinity in tort for her injuries, and Trinity subsequently sought indemnification from Monahan. *Miller-Davis I* involved a "pure" contractual indemnification action that arose solely from a breach of contract, whereas the present case involves a contractual indemnification action that arose out of Sfraga's tort action against Trinity.

Furthermore, *Miller-Davis II* is simply inapposite. *Miller-Davis II* addressed when the plaintiff's claim *accrued* under MCL 600.5807. It did not address the proper application of MCL 600.5807 or MCL 600.5839. See *Miller-Davis II*, 495 Mich at 172, 180-182. That issue had already been decided in *Miller-Davis I*. See *Miller-Davis I*, 489 Mich at 358.

In contrast, our Supreme Court's decision in *McGee*, 490 Mich 1000,[2] is directly on point and supports the trial court's decision. In *McGee*, the Court reversed this Court's decision and remanded so that this Court could apply MCL 600.5807 to various breach-of-contract claims. *McGee*, 490 Mich at 1000. However, the Court stated that MCL 600.5807 was to be applied only "insofar as [the breach-of-contract claims] do not seek indemnity for damages sustained as a result of tortious injury[.]" *Id*. Moreover, the Court clarified that "MCL 600.5839(1) bars any action against a contractor seeking indemnity for damages resulting from bodily injury arising out of a defective and unsafe condition of an improvement to real property." *Id*.

This language plainly states that MCL 600.5807 applies to a breach-of-contract claim *unless* that claim seeks indemnity for damages sustained as a result of a tort injury arising out of a defective and unsafe improvement to real property. In that scenario, MCL 600.5839 applies. Such is the case here. Trinity sought indemnity from Monahan for damages resulting from Sfraga's injury, which allegedly arose from a defective and unsafe improvement to real property. Trinity's action did not arise solely out of a breach of contract, as in *Miller-Davis I*; rather, it arose out of an alleged tortious injury. Therefore, the trial court properly determined that MCL 600.5839 applied to Trinity's indemnity action against Monahan.

MCL 600.5839(1)(a) provides that an action that falls under its purview must be commenced within "[s]ix years after the time of occupancy of the completed improvement, use, or acceptance of the improvement." There is no dispute that the latest possible "time of occupancy" is July 13, 2010, the date on which the city of Fraser issued a certificate of occupancy following the improvements to the property. Trinity brought its action against Monahan on December 19, 2016, which was approximately five months too late.

Affirmed. Monahan is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Mark J. Cavanagh
/s/ Deborah A. Servitto
/s/ Thomas C. Cameron

---

[2] "An order of [the Michigan Supreme] Court is binding precedent if it constitutes a final disposition of an application and contains a concise statement of the applicable facts and reasons for the decision." *DeFrain v State Farm Mut Auto Ins Co*, 491 Mich 359, 369; 817 NW2d 504 (2012). *McGee* meets these criteria. See *People v Crall*, 444 Mich 463, 464 n 8; 510 NW2d 182 (1993).